SHORTESS, Judge.
In 1964 William C. Hayward, Sr., and his wife Helene R. Hayward formed a corporation called “Germania Plantation, Inc.” (Germania).[1] The articles of incorporation contain a provision in Article V which requires a stockholder who desires to sell Germania stock to first offer it for sale to his fellow shareholders. The pertinent provisions of Article V are as follows:
1. With the exceptions hereinafter noted, no stockholder shall sell or otherwise transfer his stock or any portion thereof without first having given written notice of such intention to this Corporation and to each other stockholder.... Upon receipt of such notice this Corporation ... shall promptly evaluate the stock of this Corporation, ... which evaluation shall be promptly announced to each stockholder....
2. During the thirty days succeeding such announcement of evaluation each other stockholder shall have the right to purchase a portion of said stock....
$ sfe * * ⅝ jfc
9. Should all stock offered not be sold to the other stockholders and/or this Corporation within said total of ninety days after announcement of evaluation of the stock, through no fault of the selling stockholder, the selling stockholder shall be free to dispose of his unsold stock as he may wish.
[[Image here]]
12. The provisions of this Article V shall not apply to the sale, pledge, or other transfer or encumbrance of stock by the incorporators of this Corporation, who shall be free to transfer or encumber their stock at will.
By 1985, William C. Hayward, Sr., and Helene R. Hayward had died, and various disputes had arisen among their heirs. An agreement purporting to settle those disputes dated September 13, 1985, included the following pertinent provisions:
10.
With respect to Germania Plantation, Inc., Douglas S. Hayward, Sr. does hereby agree and consent on his own behalf and on behalf of his heirs, successors and assigns that on or before the expiration *1030 of three (3) years from the date of this Agreement, that he will transfer and convey unto Joan Renken McKee and John Reuss Hayward or their respective heirs or assigns, one-fourth (Vtth) each (i.e. 75 shares each) of the Class A voting stock of Germania Plantation, Inc.
******
12.
With respect to Germania Plantation, Inc. that the parties hereto agree and consent to amend the Article[s] of Incorporation of said corporation so as to limit the right of ownership of the stock of said corporation to direct legal descendants of William Campbell Hayward, Sr. and Helene Reuss Hayward.
The parties stipulated at trial that the Ger-mania articles were never amended as set forth in paragraph 12 of the agreement.
The agreement further provided that Douglas S. Hayward, Sr. (defendant), was to serve as president and John R. Hayward (plaintiff) as secretary of the corporation for three years. At the time of trial, defendant was still president, but William C. Hayward, Jr. (Hayward, Jr.), was secretary.
The dispute which gave rise to this suit involves the failure to perfect the transfer of stock as agreed to in 1985. Plaintiff filed a petition against defendant on April 16, 1990, for declaratory judgment “to determine the question of construction or validity of the provision of said agreement placing the petitioner in possession of an additional seventy-five (75) shares of the Class A voting stock of Germania Plantation, Inc.” On the same date, plaintiff filed a pleading styled “Application for Writ of Mandamus” against defendant and Hayward, Jr., as officers of Germania to compel them to perform “any and all acts necessary in executing the shares of stock.” [2] At trial it was stipulated that defendant and Hayward, Jr., had no objection to transferring the stock to plaintiff. The trial court held that plaintiff is entitled to have all requested and unissued shares delivered to him in his name with the Article V limitation printed thereon; that finding is not contested on appeal.
However, plaintiff intends to sell his stock. He has complied with all provisions of Article V, but neither the corporation nor any of the current shareholders want to buy his stock. The primary dispute between the parties, and the sole issue on appeal, is whether an endorsement must be placed on the stock certificates issued to subsequent transferees notifying them of the provisions of Article V. The trial court found that because the articles of incorporation were never amended to include a bloodline limitation and because plaintiff complied with Article V, his purchaser is entitled to have new stock certificates issued without the Article V endorsement. The court stated in written reasons that the endorsement was not necessary because plaintiffs prospective purchaser was aware of the Article Y restriction. The court further stated Article Y would not restrict sales to future purchasers. Defendant contends the trial court erred in holding the purchaser of plaintiffs stock is entitled to have the certificates issued without the Article V endorsement.
We find that the failure of Germania to amend the articles to include a bloodline restriction had no effect on Article V. Furthermore, we fail to see how plaintiffs prospective purchaser’s knowledge of the Article V restriction can affect the need for future purchasers to abide by it.[3]
Louisiana law permits restrictions on the transfer of stock. However, those restrictions must be set forth, summarized, or referred to on the stock certificates to be valid against persons who have no knowledge of the restrictions. LSA-R.S. 12:57(F); LSA-R.S. 10:8-204. Plaintiff *1031 contends the incorporators did not intend for the restrictions to apply to third persons because the articles do not state the restriction must be included on certificates for reissued stock. Paragraph 12 of Article V clearly states, however, that the in-corporators of Germania are not restricted by Article V. If the incorporators (and original shareholders) did not intend the restrictions to apply to themselves, who could they have applied to but their transferees? If we interpret Article V to have any meaning whatsoever, we must find it applies to subsequent transferees of the stock. As a matter of law, the Article V restrictions can apply to subsequent transferees only if the restriction is noted on the stock certificates. Thus, we find the trial court committed legal error in ordering that stock certificates be issued to the transferee of plaintiff without the Article V endorsement. Accordingly, we reverse that portion of the judgment at defendant’s costs.
REVERSED IN PART AND RENDERED.

. Harry P. Gamble, Jr., the Hayward’s attorney, was an incorporator in name only. According to the testimony of John R. Hayward, Gamble was listed as an incorporator because corporation law at the time required three incorpo-rators. He was issued one share of stock, which he immediately donated to Helene R. Hayward.

. Although that document listed an additional defendant, it was given the same suit number as the declaratory judgment action.

. We also note that while the trial court found prospective purchaser Chris Caballero had knowledge of the restriction, another prospective purchaser, Keith Harland, “some entrepen-eur" from Detroit, was mentioned during plaintiffs testimony. It is unclear from plaintiffs testimony whether Harland had knowledge of the restriction.