670 So.2d 310 (1996)
James M. BURTON, Plaintiff-Appellee,
v.
PRAXIS ENVIRONMENTAL SERVICE & Charles Mann, Defendants-Appellants.
No. 95-1297.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
*311 Joseph A. Koury, Samuel David Abraham, Lafayette, for James M. Burton.
Chris Anthony Verret, Lafayette, for Praxis Environmental Service et al.
Henry Camille Perret Jr., John William Kolwe, Lafayette, for Charles Mann.
Before YELVERTON, KNOLL and COOKS, JJ.
YELVERTON, Judge.
This court issued a rule to show cause why the above captioned appeal should not be dismissed as being an appeal from a nonappealable partial final judgment. We hereby vacate the lower court's judgment, dismiss the appeal, and remand for resolution of the remaining issues.
The plaintiff, James M. Burton, filed a petition for Dissolution of Partnership and Partition of a Partnership against Praxis Environmental Service and Charles Mann. Mann filed an answer denying the existence of a partnership agreement. The parties agreed to bifurcate the trial in order to consider the issue of whether a partnership existed and reserve the partition and dissolution for a subsequent hearing. On December 27, 1994, the trial court issued a judgment entitled Partial Judgment on Bifurcated Trial concluding that a partnership did exist. From that judgment, defendant filed a motion for devolutive appeal. On October 11, 1995, this court issued a rule to show cause why the above captioned appeal should not be dismissed as being an appeal from a nonappealable partial final judgment.
La.Code Civ.P. art 1841 states as follows:
Art. 1841. Judgments, interlocutory and final
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
Source: C.P. Arts. 537, 538; N.Y.Civil Practice Act § 472; cf. C.P. Art. 539.
La.Code Civ.P. art. 1915 states as follows:
Art. 1915. Partial judgment
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall *312 retain jurisdiction to adjudicate the remaining issues in the case.
La.Code Civ.P. art. 1562 states in pertinent part as follows:
Art. 1562. Separate trials of issues of insurance coverage, liability, and damages
A. If it would simplify the proceedings or would permit a more orderly disposition of the case or otherwise would be in the interest of justice, at any time prior to trial the court may order, with the consent of all parties, separate trials on the issues of liability and damages, whether or not there is to be a jury trial on either issue.
B. If a defendant has been found liable by a jury, the court shall proceed with the trial on the remaining issues before the same jury unless all parties consent to a trial before a different jury.
C. Notwithstanding the provisions of Paragraph B of this Article, in a jury trial, the court may order, with the consent of all the parties, that a separate trial on the issue of damages shall precede a trial on the issue of liability.
D. If it would simplify the proceedings or would permit a more orderly disposition of the case or otherwise would be in the interest of justice, at any time prior to trial on the merits, the court may order, with the consent of all parties, a separate trial on the issue of insurance coverage, unless a factual dispute that is material to the insurance coverage issue duplicates an issue relative to liability or damages. The issue of insurance coverage shall be decided by the court alone, whether or not there is to be a jury trial on the issue of liability or damages.
We note that the judgment at issue, purports to be a final judgment in a bifurcated trial, and the appellant argues that it is a partial final judgment under La.Code Civ.P. art. 1915, and as such is an appealable judgment.
This judgment is not a judgment finding liability between the parties as authorized by La.Code Civ.P. art. 1562. The judgment is not a partial final judgment provided for in La.Code Civ.P. art. 1915. We can find no authority in the Code of Civil Procedure to allow for bifurcation of this type of proceeding. Generally, courts vacate and set aside the judgment and remand for further proceedings when a partial final judgment is not authorized by the Code of Civil Procedure. See Strauss v. Rivers, 501 So.2d 876 (La.App. 5 Cir.1987). In the present case it is necessary to vacate the judgment, since to permit such a judgment to be appealed would promote piecemeal litigation and frustrate prompt resolution of disputes. However, upon remand the trial court need not relitigate the issue of the existence of a partnership. The trial court is instructed to conduct an evidentiary hearing on the remaining issues in the suit and render a judgment on the merits of the case. For these reasons, this court dismisses the appeal and remands for further proceedings to resolve the remaining issues of partition and dissolution. The costs of this appeal will await the final outcome of the proceedings.
JUDGEMENT VACATED; APPEAL DISMISSED; REMANDED FOR FURTHER PROCEEDINGS.