706 So.2d 161 (1997)
BEST FISHING, INC.
v.
Paul RANCATORE, Jr. and Katore Industries, Inc.
No. 96 CA 2254.
Court of Appeal of Louisiana, First Circuit.
December 29, 1997.
*162 Charles E. McHale, Jr., New Orleans, for plaintiff/appellant Best Fishing, Inc.
Lee C. Grevemberg, Covington, for defendants/appellees Paul Rancatore, Jr. and Katore Industries, Inc.
James R. Jenkins, Abita Springs, for third-party defendant/appellee Ned Wilson.
Reginald T. Badeaux, III, Covington, for defendant Parish of St. Tammany.
Jodi A. Moscona, Baton Rouge, for Intervenor Osey Singletary.
Alan M. Black, Slidell, for third-party defendants Arlene Stratton and Stanley Johnson.
Gordon P. Seron, Jr., New Orleans, for third-party defendant Stewart Title Co.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
Plaintiff, Best Fishing, Inc., appeals from a judgment of the trial court, which declared that defendant, Paul Rancatore, had good title to a portion of Hesper Street in Lindberg Glen Subdivision of St. Tammany Parish and that any improvements on that part of Hesper Street could not be ordered removed. For the following reasons, we dismiss the appeal as an appeal taken from an unauthorized partial final judgment. Additionally, in considering plaintiff's appeal as an application for supervisory writs, we deny the writ application.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Best Fishing, Inc., filed a petitory action against Paul Rancatore and Katore Industries, Inc., seeking to be declared the owner of certain lots in Square 16 of Lindberg Glen Subdivision in St. Tammany Parish. Best Fishing also sought judgment compelling defendants to surrender possession of the subject property. In the pre-trial order setting forth the various claims of the parties, Best Fishing also averred that defendants had placed improvements on the property to which it claimed ownership and sought removal of those improvements.
By amended petition, Best Fishing named the Parish of St. Tammany as an additional defendant, averring that as the owner of the publicly dedicated streets in Lindberg Glen Subdivision, the Parish was an indispensable party. Best Fishing averred that its property in Lindberg Glen fronted Hesper Street, one of the alleged dedicated streets in the subdivision. Best Fishing additionally alleged that defendants, Rancatore and Katore Industries, had denied plaintiff access to the subject property by occupying and constructing improvements on Hesper Street. Thus, Best Fishing sought judgment ordering the defendants to remove the encroachments from Hesper Street.[1]
Trial in this matter was conducted on January 18, 1996. After a bench trial, the court rendered judgment, declaring that: Rancatore had "good title to that portion of Hesper *163 Street contained within his metes and bounds acquisition"; and that "[a]ny improvements on that portion of Hesper Street contained within the metes and bounds description of land owned by Paul Rancatore, Jr. cannot be ordered removed."
The judgment was silent as to the relief sought by Best Fishing in its original petition (resolution of its title claim and removal of encroachments), as well as the relief sought in the various incidental actions filed in this matter. Instead, it appears the sole focus at trial, and in the judgment, was whether or not Hesper Street was a publicly dedicated street, a very narrow issue, considering the various demands asserted herein.
From this judgment, plaintiff appeals, averring that the trial court erred in: (1) holding that Lindberg Glen Subdivision was informally dedicated, conferring only a servitude of passage to the public; (2) stating in reasons for judgment that the parties had stipulated that defendant Rancatore had not placed any improvements on plaintiff's property; and (3) failing to declare plaintiff the owner of the property at issue in Lindberg Glen Subdivision.
Recognizing at the outset that the judgment seemingly failed to address most of the issues presented by the main demand, this court issued a show cause order on August 19, 1997, ordering the parties to show cause by briefs why the appeal should or should not be dismissed, as taken from an unauthorized partial final judgment.

DISCUSSION

Issues Addressed By the Trial Court's Judgment
In addressing whether the judgment herein is a judgment from which immediate review by appeal is allowed, we first must determine what issues were resolved in the judgment, i.e., was it a partial judgment which decided less than all of the issues presented?
Plaintiff's petitions set forth two distinct claims. In its original petition, styled a petitory action, plaintiff sought to be declared the owner of certain property in St. Tammany Parish and to have defendants surrender possession of that property. Plaintiff also sought to have defendants remove improvements placed on the property to which plaintiff claims ownership. Through its amended petition, plaintiff sought removal of improvements placed on Hesper Street, which plaintiff averred was a publicly dedicated street owned by the Parish of St. Tammany. Plaintiff claimed that Hesper Street fronted the northern portion of the property which it alleged it owned and that plaintiff was denied access to its property by the improvements placed on Hesper Street by defendants.
However, as stated above, the judgment of the trial court only addresses the status of Hesper Street, i.e., declaring that Rancatore has good title to that portion of Hesper Street within his metes and bounds acquisition, and the removal of encroachments placed thereon, i.e., declaring that any improvements on that portion of Hesper Street owned by Rancatore "could not be ordered removed." The judgment does not address any of the issues raised by plaintiff in its original petition. Indeed, in plaintiff's second and third assignments of error, plaintiff challenges the trial court's failure to address these demands as raised in its original petition.
Ordinarily, where a judgment is silent as to any part of a demand or any issue that was litigated, that issue or demand is deemed rejected. Erich Sternberg Realty Company, Inc. v. Louisiana Tax Commission, 560 So.2d 868, 876 n. 7 (La.App. 1st Cir.), writ denied, 567 So.2d 107 (La.1990). However, it does not appear that plaintiff's claims in its original petition were litigated at the trial conducted herein.[2]
*164 The only indications in the record regarding the issues being addressed by the court are contained in a statement by the court at trial and two statements in the court's reasons for judgment. At trial, the following colloquy occurred:
BY MR. MCHALE:
I think Your Honor settled this problem in a pretrial conference. You indicated you weren't going to get into the remedies at this time whether or not the improvements have to be removed by the defendant.
BY THE COURT:
I'm not going to do that.
In reasons for judgment, the trial court made the following statements: "Although the pleadings put at issue the validity of both plaintiff's and defendants' titles, the issue in this case revolves around whether the land encompassed within the disputed portion of Hesper Street is public."; and "This Court pretermits the issue of the validity of petitioner's title in this petitory action except to the extent of whether the property fronts on Hesper Street since the real issue here is whether the property known as Hesper Street is public."
Thus, it appears that the trial court did not consider the demands asserted by Best Fishing in its original petition, i.e., a declaration of ownership of the subject property and removal of encroachments or improvements thereon. Accordingly, we recognize that the judgment is a partial judgment, and this court must determine whether the judgment is a partial final judgment from which plaintiff can appeal pursuant to LSA-C.C.P. art. 1915.

Appealability of Trial Court's Judgment
Louisiana Code of Civil Procedure article 1915, prior to amendment by Acts 1997, No. 483, § 2,[3] provided, in pertinent part, as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.

*165 (2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
Article 1915 lists the exclusive instances in which partial final judgments are permitted. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1241 (La.1993). Article 1915 divides the resolution of whether a judgment is an authorized partial final judgment into two categories: parties and issues. In multiparty litigation, a judgment which adjudicates the rights and liabilities of one or more, but less than all, of the parties and results in dismissal of one or more of these parties is a partial final judgment authorized under LSA-C.C.P. art.1915. As such, the judgment is immediately appealable. On the other hand, a judgment which, without dismissing a party, only adjudicates some (but less than all) claims, defenses or issues is a valid partial final judgment, and thus appealable, only if expressly authorized by article 1915. Everything on Wheels Subaru, Inc., 616 So.2d at 1241. This rule is designed to prevent multiplicity of appeals and piecemeal litigation. Everything on Wheels Subaru, Inc., 616 So.2d at 1241.
Applying these precepts to the matter before us, the judgment rendered herein does not appear to fit in any of the enumerated instances in which a partial final judgment would be subject to immediate review on appeal.
One case presenting a similar situation is Burton v. Praxis Environmental Service, 95-1297 (La.App. 3rd Cir. 1/31/96); 670 So.2d 310. In Burton, the plaintiff filed a Petition for Dissolution of Partnership and Partition of Partnership. A question arose as to whether a partnership even existed, and the parties agreed to bifurcate the trial to allow the trial court to first consider whether the partnership existed. The issues of partition and dissolution were reserved for a subsequent hearing. Burton, 95-1297 at pp. 1-2; 670 So.2d at 311.
After the trial court rendered judgment, finding that a partnership did exist, the defendant devolutively appealed. On its own motion, the court of appeal issued a rule to show cause why the appeal should not be dismissed as an appeal taken from a non-appealable partial final judgment. Burton, 95-1297 at p. 2; 670 So.2d at 311. In finding that the judgment was not a partial final judgment authorized by the Code of Civil Procedure, the court of appeal noted that there was no authority in the Code to allow for bifurcation of this type of proceeding, citing LSA-C.C.P. art. 1562. Burton, 95-1297 at 3; 670 So.2d at 312. (Article 1562 provides, in part, for bifurcated trials on liability and damages. See also LSA-C.C.P. art. 1915(A)(5), which provides that a partial final judgment is allowed on the issue of liability when tried separately from damages). The court further found that the judgment at issue did not fit within any of the categories of allowable partial final judgments listed in LSA-C.C.P. art.1915. Burton, 95-1297 at p. 3; 670 So.2d at 312.
In Burton, the judgment was in the nature of a declaratory judgment, and it did not dismiss any parties or resolve the ultimate issues presented by the plaintiff's petition. In the instant case, the judgment rendered was also in the nature of a declaratory judgment, and while it did resolve the issues presented by Best Fishing's amended petition, it did not resolve the issues presented by the original petitory action petition. The fact that it did not resolve all of the issues between the parties raised by plaintiff's petitions is evident from the confusion of the parties as to precisely what issues were disposed of by the judgment. Additionally, and importantly, the judgment did not dismiss any parties.
*166 The only category of article 1915(A) into which this judgment could possibly fit is subsection (A)(4), which provides that a partial final judgment may be rendered when the court signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by LSA-C.C.P. art. 1038. Article 1038 authorizes the trial court to order separate trials on the principal action and any incidental actions. However, by its plain wording, article 1038 does not authorize the trial court to order separate trials on individual claims presented in the principal demand.
Although the principal action or demand is commenced by an original petition, it is not always confined to that pleading. Once the petition has been validly amended, the principal action or main demand encompasses the claim as amended or supplemented and not just the demand as set forth in the original petition. Moore v. Gencorp, Inc., 93-0814 (La. 3/22/94); 633 So.2d 1268, 1271. Thus, the principal demand herein encompasses the various claims asserted by plaintiff in the original petition and the amended petition.
The judgment of the trial court, which only addresses the claims asserted in the amended petition, does not fit within any of the categories of allowable partial final judgments listed in LSA-C.C.P. art.1915. As such, it is not appealable in the absence of irreparable injury.[4]See Everything on Wheels Subaru, Inc., 616 So.2d at 1241. In the instant case, there has been no allegation or showing of irreparable injury. For these reasons, plaintiff's appeal must be dismissed.[5]

Review of Judgment Under Court's Supervisory Jurisdiction
In its brief in response to the show cause order, plaintiff requests that this court exercise its supervisory jurisdiction and review this non-appealable judgment, by considering plaintiff's appeal as an application for supervisory writs. In Everything on Wheels Subaru, Inc., the Supreme Court noted that there are instances in which litigants may desire immediate review of a partial judgment, such as when the legal issue that is the subject of the partial judgment is the sole point hindering compromise of the litigation. The Court stated that in such a case, one or more of the parties may apply for supervisory writs pursuant to LSA-C.C.P. art. 2201. Everything on Wheels Subaru, Inc., 616 So.2d at 1241. Moreover, this court is authorized to treat an appeal as an application for supervisory writs and to rule on the merits of the application. City of New Orleans v. Ballansaw, 475 So.2d 768 (La.1985); Bernard Lumber Company, Inc. v. Louisiana Insurance Guaranty Association, 563 So.2d 261, 263 (La.App. 1st Cir.), writ denied, 566 So.2d 981 (La.1990); Dufour v. Westlawn Cemeteries, Inc., 94-81, p. 4 (La. App. 5th Cir. 6/28/94); 639 So.2d 843, 846. However, there are limitations on this grant of authority, as set forth in the jurisprudence.
In Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), the Louisiana Supreme *167 Court directed appellate courts to consider an application for supervisory writs under their supervisory jurisdiction, even though relief may be ultimately available to the applicant on appeal, when the trial court judgment was arguably incorrect, a reversal would terminate the litigation (in whole or in part) and there was no dispute of fact to be resolved. See also Persilver v. Louisiana Department of Transportation, 592 So.2d 1344, 1345 n. 1 (La.App. 1st Cir.1991).
Considering plaintiff's appeal as an application for supervisory writs, we decline to exercise our supervisory jurisdiction and, therefore, deny the writ.[6] The criteria set forth in Herlitz are not met. In requesting that this court exercise its supervisory jurisdiction, plaintiff asserts that the status of Hesper Street, if not the sole point hindering compromise of the litigation, is the fundamental focal point to be resolved. However, defendants dispute this assertion. Defendants state that any consideration of compromise on their part would only come at such time as all of the various matters in dispute are judicially determined. Thus, defendants contend that any decision on the status of Hesper Street alone would not serve to terminate the litigation. Additionally, third-party defendant Wilson also states, in his brief in response to the show cause order, that "there probably will be no resolution of the issues involved absent final litigation."
Therefore, because the criteria set forth in Herlitz clearly are not met and because plaintiff has an adequate remedy by review on appeal after a final judgment, we decline to exercise our supervisory jurisdiction and deny the writ application. See Alleman v. Noel, 93-2130, p. 2 (La.App. 1st Cir. 3/14/94); 640 So.2d 373, 374.

CONCLUSION
For the above and foregoing reasons, plaintiff's appeal is dismissed. Considering the "appeal" as an application for this court to exercise its supervisory jurisdiction and grant writs, the writ application is denied at the cost of plaintiff, Best Fishing, Inc. We remand this matter for further proceedings.
APPEAL DISMISSED; APPLICATION FOR WRITS DENIED; REMANDED.
NOTES
[1] Several other incidental actions were filed, including a third party demand by the initial defendants against Arlene Stratton and Stanley Johnson, the previous owners of the property in question, and a third party demand by Arlene Stratton against Ned Wilson, the surveyor who allegedly surveyed the property. Although not contained in the record, it appears from an answer filed in response that defendants also asserted a third party claim or demand against Stewart Title Guaranty Company, which allegedly issued a title policy on the subject property. Thereafter, Osey Singletary intervened in the matter, alleging that he had a first mortgage on the property and claiming entitlement to any proceeds of the policy issued by Stewart Title Guaranty Company.
[2] Best Fishing states in its original brief that at a pre-trial conference, all parties represented to the trial court that the major issue before the court at that stage of the proceedings was whether or not Hesper Street was a public street owned by St. Tammany Parish as part of a statutory dedication of the subdivision. However, in a footnote on the same page of the brief, Best Fishing states that the parties agree that the major issues before the trial court were that of title and whether or not Hesper Street was publicly owned. Best Fishing further states in its original brief that the issues of damages and the ultimate removal of any improvements on Hesper St. or Best Fishing's property were reserved to a later date.

On the other hand, Rancatore and Katore Industries contend in brief that the sole issue heard by the trial court was that of the status of Hesper Street, i.e., whether it was a public street by statutory dedication. Defendants agree that the issue of removal of any encroachments thereon was reserved for trial at a later date. Defendants state that the issue of encroachments, if any, on the property of Best Fishing was not before the trial court at that time.
Additionally, regarding ownership of the property claimed by Best Fishing, defendants state that this was not at issue or passed upon by the trial court. Defendants aver that this issue would have only come into play if there had been an overlap in the property of Best Fishing and Rancatore or if Hesper Street had been found to be a public street. Defendants argue that, finding neither, the trial court properly pretermitted the question of validity of the title of Best Fishing.
Third-party defendant/appellee Ned Wilson states in his brief that the parties stipulated before trial that the central issue to be decided by the trial court was that of ownership of Hesper Street, i.e., whether it was publicly owned by virtue of statutory dedication of the subdivision. Wilson further states that the issues of defendants' placement of improvements upon the property claimed by Best Fishing in its petitory action and of Best Fishing's petitory demands were not ruled on by the trial court because of the stipulation of the parties to limit the issue presented at that time.
In response, Best Fishing states in its reply brief that the issue of ownership of Hesper Street was the sole issue to be decided by the trial court at that stage of the proceeding.
Thus, it is apparent the parties were and remain unclear as to exactly what issues were being presented to the trial court for resolution.
[3] Act No. 483 of the 1997 Regular Session amended LSA-C.C.P. art.1915 to provide in subsections (B)(1) and (2) that a partial judgment as to one or more but less than all of the claims shall not constitute a final judgment, for the purpose of an immediate appeal, unless specifically agreed to by the parties or unless designated as a final judgment by the court. In Morgan v. The Earnest Corporation, 97-0869 (La.App. 1st Cir. 11/7/97), 704 So.2d 272, this court held that the provisions of Act No. 483 which amended LSA-C.C.P. art.1915 apply prospectively only, to initial rulings issued on or after July 1, 1997, the effective date of the Act.
[4] We note that if this judgment had been rendered pursuant to a motion for summary judgment, rather than trial on the merits, it would have been a partial final judgment, authorized by LSA-C.C.P. art. 1915(A)(3). In Douglass v. Alton Ochsner Medical Foundation, 96-2825, p. 3 (La.6/13/97); 695 So.2d 953, 955, the Louisiana Supreme Court held that LSA-C.C.P. art. 1915(A)(3) expressly authorizes the rendering of a final judgment on less than all of the issues in the case when the court grants a summary judgment. However, this article grants no such authority when the judgment is rendered pursuant to trial and does not dismiss any party, unless it meets the requirements of LSA-C.C.P. art. 1915(A)(4) or (5). We believe there is a valid rationale for such a distinction. While dismissing completely exonerated parties or unmeritorious claims in pretrial proceedings furthers the interests of fairness and judicial economy, see Everything on Wheels Subaru, Inc., 616 So.2d at 1241, the same purpose is not served by piecemeal trials on the merits of the various claims presented.
[5] In response to our "show cause" order, Best Fishing, Rancatore and Katore Industries, and Wilson all filed briefs. In their briefs, all of these parties appear to acknowledge that the judgment at issue herein is not a partial final judgment authorized by LSA-C.C.P. art.1915. Without directly stating that the judgment does not fall within the ambit of appealable partial final judgments authorized by LSA-C.C.P. art.1915, Best Fishing simply asks this court to review the trial court's judgment under our supervisory jurisdiction.
[6] The denial of a writ application is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and does not bar reconsideration of, or a different conclusion on, the same question when an appeal is taken from a final judgment. Cotton v. Gaylord Container, 96-1958, p. 5 (La.App. 1st Cir. 3/27/97); 691 So.2d 760, 763, writ denied, 97-0800, 97-0830 (La.4/8/97), 693 So.2d 147.