I2WHIPPLE, J.
This is an appeal from a judgment rendered in a community property partition suit between appellant, Billie Jean Carber, and *700 her former husband, Larry Dale Carber, following a judgment of divorce. Mrs. Carber, appeals from a judgment of the East Baton Rouge Parish Family Court, which declared that two certain tracts of land on which the former matrimonial domicile was located were Mr. Carber’s separate property.[1] For the following reasons, we dismiss the appeal, as taken from an unauthorized partial final judgment, vacate the judgment and remand with instructions.
FACTS AND PROCEDURAL BACKGROUND
Mr. and Mrs. Carber were married on October 31, 1987. A petition for divorce was filed on November 8, 1994, and a judgment of divorce was granted on January 3, 1996, pursuant to LSA-C.C. art. 102. Mrs. Carber was granted the temporary use and occupancy of the family home, located at 13525 Den-ham Road, Baton Rouge, pending the partition of the community. See LSA-R.S. 9:374.
Mrs. Carber filed a petition for partition of community property and alleged in her detailed descriptive list that the community had an interest in the former matrimonial domicile, the Denham Road residence, consisting of a total of 7.85 acres. Mrs. Carber also listed additional community movables and liabilities in her detailed descriptive list to be partitioned by the court.
Mr. Carber answered Mrs. Carber’s petition for partition, and filed a reconventional demand and traversal of her detailed descriptive list. In his reconventional demand, Mr. Carber admitted that the community had an interest in certain improvements made to the property on Denham Road, but contended that |3the property, on which the former family residence was situated was his separate property, and therefore, the community had no interest in such property. As plaintiff-in-reconvention, Mr. Carber prayed for judgment recognizing that the immovable property on Denham Road be recognized as his separate property, and restoring to occupancy and possession of the family home, and granting him recovery of the fair market rental value from Mrs. Carber for the duration of her temporary use and occupancy of the property. Additionally, Mr. Carber listed numerous community movables in his detailed descriptive list to be partitioned.
The trial court bifurcated the partition trial, tried the issue of ownership of the Den-ham Road property on September 26, 1997, and signed a judgment dated October 9, 1997. The judgment recited that the hearing on September 26 was “to determine the ownership of the property claimed by plaintiff [as community property] in pleadings,” and decreed “that the [Denham Road] properties were clearly Mr. Carber’s properties when he married Mrs. Carber; accordingly, they are found and held to be and remain the separate properties of the defendant and plaintiff in reconvention, L[arry] D[ale] C[ar-ber]...” The judgment further ordered that the assessment of the costs of the proceedings await the adjudication of all remaining issues.
Mrs. Carber appealed the October 9, 1997 judgment, contending the trial court erred in holding that the Denham Road property was Mr. Carber’s separate property. Mr. Carber answered the appealed, alleging that the appeal is frivolous and contending that the judgment should be affirmed, that appellant should be assessed with the costs in both the trial court and this court and that he should be awarded damages in accordance with LSA-C.C.P. art. 2164. Recognizing that the judgment failed to address many of the issues presented by the main demand, this court issued a show cause order on January 28, 1999, ordering the parties to show | ^cause by briefs why the appeal should or should not be dismissed, as taken from an unauthorized partial final judgment.
DISCUSSION
An appeal may be taken from a final judgment or from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. 2083. Louisiana Code of Civil Proce *701 dure article 1915 lists the exclusive instances in which partial final judgments are permitted. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1241 (La.1993). Louisiana Code of Civil Procedure article 1915, as amended by Acts 1997, No. 483, provides:
A.A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the ease, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or inter-venors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B.(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition Rof the judgment adjudicating all the claims and the rights and liabilities of all the parties.
C.If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the ease.
Thus, a final judgment may be rendered and signed even though it may not adjudicate all of the issues in the case in a limited number of circumstances. LSA-C.C.P. art. 1915(A). Otherwise, any order or decision which adjudicates fewer than all the claims shall not constitute a final judgment for the purposes of an immediate appeal unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no reason for delay. LSA-C.C.P. art 1915(B). Thus, although not raised by the parties, this court must determine whether a judgment solely decreeing the ownership of the Denham Road property is a final partial judgment, and thus appealable.
In the instant case, the judgment of October 9,1997 only decided the ownership of the property on Denham Road. The issues remaining in the principal action in the partition suit are (1) a determination of which improvements on the immovable property were made with community property and (2) a partition of the community movables and liabilities. The remaining issues in the re-conventional demand are (1) whether Mr. Carber should be restored his use and occupancy of the Denham Road property, and (2) whether Mrs. Carber owes reimbursement to Mr. Carber for her temporary use of the Denham Road property and the amount. Thus, the October 9, 1997, judgment did not decide all of the claims in either the recon-ventional demand nor in the principal action.
In accordance with article 1915(B), there is no showing in the record that the parties specifically agreed that the judgment as to the ownership of the Denham Road property *702 would constitute a final judgment nor did the court designate the [judgment “as a final judgment after an express determination that there was no just reason for delay,” as contemplated by LSA-C.C.P. art. 1915(B).[2] Therefore, for the judgment by the lower court to be a final partial judgment, and thus appealable, it must fall within the instances in which partial final judgments are permitted, as listed in article 1915(A).
The only category of article 1915(A) into which this judgment could possibly fit is section (A)(4), which provides that a partial final judgment may be rendered when the court signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by LSA-C.C.P. art. 1038. Article 1038 authorizes the trial court to order separate trials on the principal action and any incidental actions. However, article 1038, by its plain wording, does not authorize the trial court to order separate trials on individual claims presented in the principal demand. Best Fishing, Inc. v. Rancatore, 96-2254, p. 9 (La.App. 1st Cir.12/29/97); 706 So.2d 161, 166.
With these principles in mind, we have determined that the trial court had no authority to order a separate trial of the issue of ownership of the Denham Road property for the following reasons.
BIFURCATION OF THE OWNERSHIP ISSUE
In her petition, Mrs. Carber alleged that the community had an interest in the Denham Road property.[3] Mr. Carber thereafter filed an answer. In his answer, Mr. Carber included a claim, which he called a reconventional demand, in which he ^alleged the Denham Road property was his separate property. We find that Mr. Car-ber’s claim of separate ownership of the immovable did not assert an independent cause of action against Mrs. Carber and is not a reconventional demand. See LSA-C.C.P. art. 1061(A). Rather, we find that Mr. Car-ber’s assertion of separate ownership of the immovable was a denial of, or a defense to, Mrs. Carber’s allegation. The nature of a pleading is to be determined by its substance and not its caption. Vaughn v. Slaughter, 94-0552, p. 3 (La.App. 1st Cir.3/3/95); 653 So.2d 36, 38, writ denied, 95-0828 (La.5/5/95); 654 So.2d 339.
Because we find that Mr. Carber’s allegation of separate ownership of the immovable was merely a denial of, or a defense to, Mrs. Carber’s allegation, and therefore that the claim was not a reconventional demand, clearly the claim should have been tried along with the principal action for purposes of appellate review. As stated earlier, this court has previously held that article 1038 does not authorize the trial court to order separate trials on individual claims presented in the principal demand. Best Fishing, Inc., 96-2254, p. 9; 706 So.2d at 166. We conclude that the judgment of the trial court, which addressed only one of the claims in the principal action, is not properly authorized by LSA-C.C.P. art. 1038 and therefore does not fit within the category of allowable judgments referred to in LSA-C.C.P. art. 1915(A)(4).
CONCLUSION
In view of our holding, we must vacate the judgment, since to permit such a judgment would frustrate the well established policy that there shall be only one final judgment in each ease and that piecemeal trials and appeals should be avoided. Bergeron v. Bergeron, 250 So.2d 170, 172 (La.App. 1st Cir.1971); Burton v. Praxis Environmental Service, 95-1297, p. 3 (La.App. 3rd Cir. 1/31/96); 670 So.2d 310, 312. This is especially important in community property partition suits *703 where piecemeal partition of property acquired during marriage and ^settlement of claims arising from matrimonial regimes after termination of the community has long been prohibited. Nunez v. Nunez, 552 So.2d 472, 473, n. 2 (La.App. 4th Cir.1989).[4]
Nevertheless, upon remand, the trial court need not receive evidence anew or relitigate the issue of the ownership of the Denham Road property. However, we instruct the trial court to conduct an evidentiary hearing and trial on the remaining issues in the suit and render an appealable judgment on the merits of the ease as authorized by the Code of Civil Procedure. For the foregoing reasons, we dismiss this appeal and remand for completion of trial on the remaining partition and reimbursement issues. We decline to assess costs pending final outcome of the proceedings.
JUDGMENT VACATED; APPEAL DISMISSED; REMANDED FOR FURTHER PROCEEDINGS.
SHORTESS, J., concurs.

. We note that the two separate tracts, A-l and A-3, are situated adjacent to one another and form the lot, totaling 7.85 acres, on which the former matrimonial domicile is located at 13525 Denham Road. The two tracts will be collectively referred to herein as “the Denham Road property-”

. Furthermore, the parties failed to file an agreement or a trial court certification into the record in response to our show cause order. The plaintiff, in her brief submitted pursuant to the show cause order, asserted “the parties expressly agreed that this disposition on that issue alone constituted partial final judgment.” That assertion is insufficient to meet the requirements of article 1915.

. Mrs. Carber’s detailed descriptive list listed the Denham Road property as the only community immovable to be partitioned. The detailed descriptive list was attached to her petition and made a part thereof by reference, marked as Exhibit "A”.

. We note that, in his brief submitted in response to our show cause order of January 28, 1999, the defendant-appellee distinguishes the Nunez case from the present dispute. The defendant-appel-lee contends that the trial court’s judgment in this case “does not deal with community property — -the subject property was acquired by respondent in an act of partition as among his co-heirs. This is an issue properly resolved in limine.” This contention lacks merit inasmuch as Mrs. Carber specifically alleged in her petition that the property was community. Thus, we find the principles set forth in Nunez are applicable herein.