HIGGINBOTHAM, J. '
Is At issue in these consolidated cases[1] is the ultimate stock ownership and control of Germania Plantation, Inc. (“Germania”); a closely held family corporation formed in 1964 to manage the business and assets of Germania Plahtation,. located in Iberville Parish, Louisiana. The initial stockholders of Germania were- Mr. William C. Hayward, Sr., and his wife, Mrs. Helene R. Hayward.[2] The current dispute in this protracted litigation centers on which group (Class A and/ór Class B) of Germa- *968 nia stockholders (the various descendants of the original Hayward stockholders) have the right to vote on the voluntary,dissolution 14of Germania.[3] The appellant, Ger-mania, appeals two partial .judgments; the first judgment dated- August 13, 2010, construed voting rights pursuant to certain clauses in Germania’s Articles of Incorporation (“Articles”), and the second judgment dated August 25, 2010, revoked and terminated the voluntary dissolution of Germania that had been previously ordered by the trial court and discharged the court-appointed judicial liquidator. Because we conclude that we have no appellate jurisdiction to review the trial court’s rulings, we find that- this matter must be dismissed and remanded for further proceedings consistent with this opinion. .
RELEVANT FACTS AND PROCEDURAL HISTORY
Germania filed a petition for voluntary dissolution subject to court supervision after its Board of Directors allegedly authorized the petition, along with a majority of the Class A and Class B stockholders who were present at a special January 30, 2010 meeting and voted in favor of dissolving the corporation. On the same day that Germania’s petition was filed, March 11, 2010, the trial court granted Germania’s request for voluntary dissolution, ordered (apparently ex parte) that Germania be dissolved and liquidated under the court’s supervision, and further ordered that a judicial liquidator be appointed to oversee Germania’s corporate dissolution. Shortly thereafter, some of the stockholders,, ap-pellees herein, sought to declare the dissolution order retroactively invalid and to dismiss lsthe court-appointed liquidator.[4] All matters were consolidated, since each suit essentially sought recognition of Ger-mania stock ownership and the various stockholders’ rights to vote, in addition to challenging the propriety of the' vote to voluntarily dissolve Germania.
The matter was scheduled for hearing on March 30, 2010. Based upon stipulation by all counsel, the trial court ordered that the following three independent issues would each be heard and determinéd separately:
(1) Which class of Germania stockholder has the power to vote on a voluntary dissolution of Germania?
*969 (2) Was a valid vote to voluntarily dissolve Germania taken at the special stockholder’s meeting on January 30, 2010?
(3) Should the Secretary of Germania be ordered to régister the shares of stock formerly owned by Douglas S. Hayward, Sr. into the name of Historic Germania Plantation, L.L.C.?
The parties agreed and stipulated that the hearing would, be limited solely to determining the first issue regarding voting rights for Germania’s corporate dissolution. After considering testimony and evidence, as well as argument and memoran-da filed by counsel, the trial court signed a partial judgment on August 13, 201G, ruling on the first issue that only Germania’s Class A stockholders have the power to vote on the issue of voluntary corporate dissolution of Germania. The judgment also recorded a joint stipulation of all counsel,‘all parties, and all stockholders who were present in court, ordering that the trial on the other two legal issues “shall be continued without date for not less than 30 days,” and |fiuntil the other two legal issues are either ruled on, settled, or dismissed, “all liquidation and dissolution proceedings for [Germania] are hereby stayed.” (Emphasis added.) Since tills partial judgment did not dismiss any of the parties, claims, or cases, all of the consolidated cases are still pending in the trial court.
Despite the stipulated stay order, the trial. court subsequently signed another partial judgment two weeks later, on August 25, 2010, ordering (apparently ex parte) that Germania’s voluntary dissolution that had been previously authorized by the trial court on March 11, 2010, be revoked and terminated and further ordering that the court-appointed judicial liquidator be discharged. Significantly, we note that neither of the partial judgments were identified or designated as a final judgment, nor were they in favor of or against any party. Additionally, the partial judgments did not dismiss any party or claims. Nevertheless, Gemianía appealed from both judgments, arguing that Germa-nia’s Articles do not limit, the stockholders’ voting rights regarding dissolution.[5] Ger-mania maintains instead, that a majority of the voting power present at a stockholders’ meeting is authorized by the Articles to approve an action for voluntary dissolution. Germania insists that the trial court committed legal error in interpreting the stockholders’ voting rights, because the Articles provide that all Class A and Class B .stockholders have 17the right to vote on the dissolution of Germania since dissolution is an action that affects the rights or values of stock.[6]
*970 LAW AND ANALYSIS
At the outset, the initial issue that we must address is whether the trial court’s partial judgments of August 13, 2010 and August 25, 2010 are final appeal-able judgments. Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc., 2011-0520 (La.App. 1st Cir.11/9/11), 79 So.3d 1054, 1059, writ denied, 2012-0360 (La.4/9/12), 85 So.3d 698.
While a final judgment is appeal-able, an interlocutory judgment is appeal-able only when expressly provided by law. La. Code Civ. P. art. 2083. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment, and a judgment that determines the merits of a controversy in whole or in part is a final judgment. La. Code Civ. P. art. 1841. Although an interlocutory judgment may itself not be appealable, it is nevertheless subject to review on appeal when a final, appealable judgment has been rendered in the case. Judson v. Davis, 2004-1699 (La.App. 1st Cir.6/29/05), 916 So.2d 1106, 1112, writ denied, 2005-1998 (La.2/10/06), 924 So.2d 167. A final judgment must be identified as such by appropriate language. La. Code Civ. P. art. 1918.
A valid judgment must be precise, definite, and certain. Laird v. St. Tammany Parish Safe Harbor, 2002-0045 (La.App. 1st Cir.12/20/02), 836 So.2d 364, 365. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See Carter v. Williamson Eye Center, 2001-2016 (La.App. 1st Cir.11/27/02), 837 So.2d 43, 44. These determinations should be evident from the language of a judgment without reference to other documents in the record. Laird, 836 So.2d at 366. Also, the failure to name any defendant against whom the judgment was rendered in cases with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom the judgment may be enforced. See Input/Output Marine Systems, Inc. v. Wilson Greatbatch, Technologies, Inc., 2010-477 (La.App. 5th Cir.10/29/10), 52 So.3d 909, 916. Although this matter was docketed for appeal, we find on review that the judgments do not contain proper decretal language necessary for final appealable judgments.
In this matter, both of the partial judgments rendered by the trial court are interlocutory rulings in that they each adjudicate only one of several issues in these ongoing consolidated cases. Cf. Hodgins v. Hodgins, 98-1009 (La.App. 5th Cir.1/26/99), 726 So.2d 466, 467-68 (appeal of a partial judgment construing certain clauses in a partnership agreement in an ongoing suit to dissolve the partnership was dismissed for lack of appellate jurisdiction); Burton v. Praxis Environmental Service, 95-1297 (La.App. 3rd Cir.1/31/96), 670 So.2d 310, 311-12 (appeal of a partial judgment determining whether a partnership existed in an ongoing suit 19concerning partition and dissolution of the partnership was dismissed for lack of appellate jurisdiction). It is apparent that the trial court attempted to render declaratory-type judgments, but neither judgment resolved or eliminated the controversy that gave rise to the litigation, i.e., a clear statement *971 as to which stockholders ultimately control Germania. And while the trial court may have intended to dispose-of the dissolution claim, neither judgment contains.the appropriate decretal.language to do so.
, The August 13, 2010. judgment specifically enumerates two remaining issues that were continued without date for at least 30 days and ordered a stay of all liquidation and dissolution proceedings that remained pending. Obviously, the trial court and the parties recognized that there are many outstanding claims for relief in these consolidated matters that are not affected by the two partial judgments in any .way. This is apparent by the fact that neither of the judgments dismissed any party or any claims, ordered, any amount to be paid, or terminated any of the cases as to any of the claims or parties.' Furthermore, while Germania appealed from both partial judgments, the solé assignment of error, refers only to the holding of the August 13, 2010 judgment. Moreover, the August 25, 2010 judgment issued in contravention of the stipulated stay order does not terminate or dismiss Germania’s suit for voluntary dissolution; it merely revokes the previous court-ordered voluntary dissolution.
On these facts, we know of no law authorizing an immediate appeal of either of these partial judgments other than La. Code Civ. P. art.1915, which in specified circumstances permits appeals from partial judgments; however, none of those | menumerated instances in Article 1915A are applicable in this case.[7] Specifically, Section B(l) of Article 1915 provides that partial judgments are not final unless “designated as a -final judgment by the court after an express determination that there is no just reason for delay.” Section B(2) further provides that in the absence of such a determination and designation, the-judgment.ghall not “constitute a final judgment for the purpose of an immediate appeal,” and remains subject tó revision in the trial court prior to rendition of a final judgment adjudicating the entire case. Because the trial court has made no such designation and determination as to the partial judgments that adjudicate fewer than all the claims in this case, the judgments are interlocutory"1 and not appeal-able.[8] See Richardson v. Tessier, 2007-0374 (La.App. 1st Cir.11/2/07), 977 So.2d 55, 56. We must therefore dismiss the appeals for lack of appellate jurisdiction.
Additionally, we decline to convert this matter to an application for supervisory writs, as the granting of a writ application will not terminate the litigation at this time and the parties have an adequate remedy by review on appeal after a final judgment is rendered. See Best Fishing, Inc. v. Rancatore, 96-2254 (La.App. 1st Cir.12/29/97), 706 So.2d 161, 166-67.
*972 ^CONCLUSION . ,
For the stated reasons, we find that the August 13, 2010 and August 25, 2010 partial judgments are non-appealable. Therefore, these consolidated appeals, are dismissed ex proprio moiu, without prejudice, at the cost of defendant/appellant, Germa-nia Plantation, Inc. We remand this matter to the trial court for further proceedings consistent with this opinion.
APPEALS' DISMISSED WITHOUT PREJUDICE; REMANDED.

. In March 2010, the trial court signed an order consolidating the following civil matters in the 23rd Judicial District Court: (1) Civil Docket Number 74,935 — William C. Hayward, III v. Douglas S. Hayward, Sr. (petition and application for writ of quo warran-to, injunctive, and other relief filed on April 10, 2003); (2) Civil Docket Number 75,455— William C. Hayward, III, individually and as Executor of the Estate of Douglas S. Hayward, Sr., Mathew B. Hayward, William Hayward, Jr., Christine Rodriguez, Paula Rodriguez, George Rodriguez, Travis Rodriguez, Chrissie Rodriguez, Tammie R. Hayward, Joan McKee, [¿athleen] McKee, Paul McKee, Brian McKee and Shaw McKee v. Douglas S'. Hayward, Sr., Judy H. Schuengel; Individually and as Administrator of the Estate of Douglas S. Hayward, Sr., Connie H. McLain, Ciarme H. Mauffray, Hayward B. Guenard, Miranda M. Levandoski, Kevin J. Schuengel, Kay J. Schuengel, Hamilton P, Guenard; Casely L. Bernard, Steven A. Mauf-fray, Rachel N. Spear, Preston J. Mauffray, - John D. Gayaut, Marie Bernard and Susan H. Gayaut (derivative action filed June 18, 2003); (3) Civil Docket Number 94,322— ■Historic Germania Plantation, Jamé Germa-nia, L.L.C. and BCGJL, L.L.C. v. Germania Plantation, Inc., the President and Secretary of Germania Plantation, Inc., and the Succession of Douglas S. Hayward, Sr., Betty Gray, Executrix (petition for- writ of mandamus filed on November 2, 2009); and (4) Civil Docket Number 95,640 — In the Matter of Germania Plantation, Inc. (petition for voluntary dissolution subject to court supervision filed on March 11, 2010). These matters are also .consolidated on this court's appellate docket. Well after these consolidated appeals were granted on September 30, 2010, the trial court signed another' order on June 1, 2011, consolidating all of the previously consolidated suits' with yet another lawsuit, Civil Docket ' Number 99,343 — William C. Hayward, III, Paul McKee and Tommie Hayward v. Paul Rodriguez, Travis Rodriguez, Glynn J, Rivet and J. Louis Bush, III (petition for a writ of quo warranto filed on March 2, 2011), We note that none of the actions contained in the record after the date -that these consolidated appeals were granted- are relevant to our review of this matter.

. Mr. Harry P. Gamble, Jr., the Haywards’ • attorney, was also listed in the Articles of Incorporation as an initial stockholder, owning one share of Class A Common Stock, However, at all times pertinent to this appeal, Mr. Gamble was not a stockholder. See Hayward v. Hayward, 618 So.2d 1028, 1029 n. 1 (La.App. 1st Cir.1993).

.Ownership of all'shares of Germania’s stock was purportedly established by stipulated judgment signed by the trial court on June 6, 2005. A prior appeal addressed accounting issues related to two consolidated lawsuits between the various stockholders, who are the descendants of the William C. and Helene R, Hayward, Sr. family. See Hayward v. Hayward, 2007-2028, 2007-2029 (La.App. 1st Cir.2/13/09)(unpublished), 5 So.3d 317 (table). Mr. and Mrs. Hayward .had four children: William C. Hayward, Jr„ Douglas S. Hayward, John R. Hayward, and Helene Hayward Renken, Renken predeceased her parents, leaving one daughter, Joan Renken McKee. For years, William, Douglas, John, and Joan have had disagreements, which has resulted in multiple lawsuits. See McKee v. Hayward, 97-0553 (La.App. 1st Cir.4/8/98), 710 So.2d 362, 364, writ denied, 98-1784 (La.10/9/98), 726 So.2d 407.

.The record does not contain any written motion or petition to declare the dissolution order invalid, but appellees contend that the dissolution was never properly authorized and was thus invalid from its inception. The trial, court references the petition to declare . the dissolution order retroactively invalid in the judgment rendered on August 13, 2010. Appellees originally filed a writ of mandamus seeking to be recognized as stockholders of Germania on November. 2, 2009, in Civil Docket Number 94, 322, Historic Germania Plantation, L.L.C., Jamé Germania, L.L.C., and BCGJL, L.L.C. v. Germania Plantation, Inc., et al. Other appellees joining in the request to have Germania’s dissolution declared retroactively invalid are Paula Rodriguez, Travis Rodriguez, J. Louis Bush, III, Glynn J. Rivet, and the Succession of Douglas S.Hayward, Sr., Glynn J. Rivet, Independent Executor.

. On August 24, 2012 we acted on appellees motion of dismiss Gisearmar suspensive appeal of the partial judgments. We granted the motion to dismiss in part but maintained Germania’s appeal as devolutive. See In the Matter of Germania Plantation Inc., 2012-0720 C/W 0721 C/W 0722 (La.App. 1st Cir. 8/24/12) (unpublished). We noted in that action that “the stay of the voluntary dissolution proceedings contained in the August 13, 2010 judgment has not been lifted and remains in effect.”

. At Germania’s inception, its Articles provided for the issuance of two classes of stock, specifically 600 shares of no par value Class A common stock and 6,000 shares of no par value Class B common stock. The Articles further provided in Article IV:
Only Class A Common stockholders shall have the right to vote in the annual election of Directors or other- matters referred- to stockholders or requiring corporate action; except that Class B Common stockholders shall vote on all action affecting the rights or values of either class of stock.
On dissolution the Class A Common stock shall be entitled to preference and a priority of payment over the Class B Common stock in any distribution of the assets, of this *970 Corporation to the extent of One and 67/100 ($1.67) Dollars per share, and shall participate no further.

. Louisiana Code of Civil Procedure Article 1915A provides that a partial final judgment may be rendered when the court (1) dismisses the suit as to less than all -of the parties (2) grants a motion for judgment on the pleadings; (3) grants a motion for summary judgment, but not pursuant to Article 966(E); (4) signs a judgment on either the principal or incidental demand when the two have been tried separately; (5) signs a judgment on the issue of liability when that issue has been tried separately; or (6) imposes sanctions or disciplinary action. The only category of article 1915(A) into which these judgments could possibly fit is subsection (A)(4); however, there is no authority for an appeal from a trial court’s order of separate trials on individual legal issues presented within the principal demand. See Best Fishing, Inc. v. Rancatore, 96-2254 (La.App. 1st Cir.12/29/97), 706 So.2d 161, 166.

. We make no determination as to whether a final judgment designation would meet the requirements set forth in Motorola, Inc. v. Associated Indem. Corp., 2002-0716 (La.App. 1st Cir.4/30/03), 867 So.2d 715, 720-21. See also R.J. Messinger, Inc. v. Rosenblum, 2004-1664 (La.3/2/05), 894 So.2d 1113, 1122.