PENZATO, J.
This is an appeal from a judgment granting exclusive use of a Jeep Wrangler to Tamika Major. For the following reasons, we dismiss this appeal.
FACTS AND PROCEDURAL HISTORY
Tamika and Corey Major were married on February 18, 2006, and one child, C.M., was born on December 25, 2012. On January 23, 2015, Ms. Major filed a petition for divorce and to partition the community property. A judgment of divorce was rendered on November 2, 2016. On February 27, 2017, Ms. Major filed a petition to *2 partition community property, seeking exclusive use and occupancy of the former matrimonial domicile and exclusive use of the community Jeep Wrangler, pending the partition.
The matter came before the court on March 14, 2017, at which time it was established that Ms. Major was the primary domiciliary parent. The trial court heard testimony at the hearing regarding the economic status of the parties. Mr. Major testified that he had worked for Turner Industry, but "was out on an injury." He also ran Brownies Kitchen and Grocery, a business he purchased for his nineteen-year-old daughter. In addition, Mr. Major worked at his cousin's car dealership, Los Amigos, selling used cars. With regard to the Jeep Wrangler, Mr. Major testified that he did not have the vehicle in his possession, but that he had been "in it" on Christmas and that he was thinking about purchasing it, or selling the vehicle to make a profit. He testified that the vehicle was owned by Los Amigos, and acknowledged that he had purchased parts to repair it. Ms. Major testified that she was certain that Mr. Major owned the Jeep Wrangler, and that he had never before denied that he owned it.
In its oral reasons for judgment at the conclusion of the March 14, 2017 hearing, the trial court stated that with regard to the Jeep Wrangler and considering the best interest of the family and the economic status of the parties:
I don't have a comfort level that Mr. Major has been ... straightforward and therefore, I'm going to grant exclusive use of the Jeep Wrangler ... to Ms. Major.
Because that's the only evidence I have is that he's driving it and buying parts. I don't have any evidence contradicting that, that it's not owned by him.
A judgment was signed on April 12, 2017, granting Ms. Major exclusive use and occupancy of the matrimonial domicile, and exclusive use of the Jeep Wrangler.
Mr. Major appeals only the part of the April 12, 2017 judgment granting exclusive use of the Jeep Wrangler to Ms. Major, asserting that the vehicle was not a community asset subject to the provisions of La. R.S. 9:374.
APPELLATE JURISDICTION
We must first determine whether the trial court's judgment is a final appealable judgment. Appellate courts have a duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc., 2011-0520 (La. App. 1 Cir. 11/9/11), 79 So.3d 1054, 1059, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698. Our appellate jurisdiction extends to final judgments. La. C.C.P. art. 2083. A final judgment is one that determines the merits of a controversy, in whole or in part. In contrast, an interlocutory judgment does not determine the merits, but only preliminary matters in the course of an action. La. C.C.P. art. 1841.
The judgment herein awarded the use of a community movable pending partition of the property, pursuant to La. R.S. 9:374(B).[1] A judgment that merely allocates *3 certain community assets but does not make an accounting or valuation of the community, nor divide the community assets and liabilities between the parties, is not an appealable judgment. See Politz v. Politz, 2005-2568 (La. App. 1 Cir. 8/1/07), 2007 WL 2193547, at *3 (unpublished), writ denied, 2007-2137 (La. 1/7/08), 973 So.2d 728. To permit an appeal of such a judgment would encourage multiple appeals and piecemeal litigation, and prohibit expeditious disposition of community property cases. Id.
This court is authorized to treat an appeal as an application for supervisory writs and to rule on the merits of the application. However, there are limitations on this grant of authority. Best Fishing, Inc. v. Rancatore, 96-2254 (La. App. 1 Cir. 12/29/97), 706 So.2d 161, 166. In Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981), the Louisiana Supreme Court directed appellate courts to consider an application for supervisory writs under their supervisory jurisdiction, even though relief may be ultimately available to the applicant on appeal, when the trial court judgment was arguably incorrect, a reversal would terminate the litigation (in whole or in part), and there was no dispute of fact to be resolved.
For the reasons set forth above, the judgment of the trial court was not shown to be incorrect and reversal of the trial court's judgment would not terminate the litigation, in whole or in part, as the ultimate division of the community assets and liabilities remains pending between the parties. Therefore, we decline to convert this matter to an application for supervisory writs.
CONCLUSION
For the foregoing reasons, we dismiss the appeal of the April 12, 2017 interlocutory judgment, granting exclusive use of the Jeep Wrangler to Ms. Major. Costs of this appeal are assessed against Corey Major.
APPEAL DISMISSED.

Louisiana Revised Statutes 9:374(B) provides as follows:
When the family residence is community property or is owned by the spouses in indivision, or the spouses own community movables or immovables, after or in conjunction with the filing of a petition for divorce or for separation of property in accordance with Civil Code Article 2374, either spouse may petition for, and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or immovables pending partition of the property or further order of the court, whichever occurs first. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, if any, and shall award the use and occupancy of the family residence and the use of any community movables or immovables to the spouse in accordance with the best interest of the family. If applicable, the court shall consider the granting of the occupancy of the family residence and the use of community movables or immovables in awarding spousal support.