State ex rel. Railroad Company vs. Judge.

### No. 10,002.

THE STATE EX REL. CANAL AND CLAIBORNE STREETS RAILROAD COMPANY VS. JUDGE OF CIVIL DISTRICT COURT, DIVISION D.

When a suspensive appeal has been granted from an order dissolving an injunction on bond and has been perfected by filing of proper bond, the judge cannot afterwards rescind the order of appeal, on the ground that order appealed from inflicted no irreparable injury, and was, therefore, unappealable. Affirming 36 Ann. 192.

The terms of the order of appeal granted, when unambiguous, must speak for themselves, and cannot be controlled by the statement of the judge that he did not intend to do what he has actually done.

APPLICATION for prohibition and mandamus.

*H. D. Ogden* and *Braughn, Buck, Dinkelspiel & Hart* for the Relators.

The opinion of the Court was delivered by

FENNER, J. The facts, stated in briefest form, are as follows: Relator brought an injunction suit against the city of New Orleans *et al.*, and obtained issuance of the preliminary writ of injunction. Defendants filed an exception of no cause of action, and also a rule to dissolve the injunction on bond. The exception and the rule were tried on the same day, and the minutes of the court exhibit a judgment rendered on April 25, 1887, maintaining the exception and making absolute the rule to bond in a sum fixed therein. This judgment was duly signed by the judge on April 29th. On the same day relator applied for a suspensive appeal from said judgment, the motion therefor expressly describing the judgment appealed from as "rendered April 25 and signed April 29, 1887, dismissing its suit *and making absolute the rule to bond filed by defendant*," and, on said motion, the judge granted the order, and fixed the amount of the suspensive appeal bond, which was duly executed and filed on the same day.

Subsequently, on the suggestion of counsel for defendant and on his inquiry whether the suspensive appeal granted interfered with the city's right to bond the injunction, the judge entered on the minutes his order declaring "that the order for a suspensive appeal could not be held to apply to the ruling of the court on the motion to bond, which could not be appealed from suspensively, but went into effect at once."

Relator applied for a suspensive appeal from this order, which was refused.

State ex rel. Railroad Company vs. Judge.

He now appeals to this Court for relief by prohibition and mandamus.

The case is on all fours with Irwin's case, heretofore decided by us, where we held that, after granting an order for a suspensive appeal from a judgment dissolving an injunction on bond, and after such appeal has been perfected, the judge's jurisdiction over the question was terminated, and he was powerless afterwards to set aside the appeal on the ground that the judgment was not appealable. State ex rel. Irwin vs. Judge, 36 Ann. 192.

In his return, however, the respondent judge sets up that he had rendered separate judgments on the exception and on the rule to bond, and that his minute clerk had committed error in embodying the two in one judgment; that he signed the judgment in that form through error; that when the motion for suspensive appeal was presented, he supposed that it applied only to the judgment on the exception, and only discovered these errors when his attention was called to them by defendant's counsel.

No one knows better than the esteemed respondent what implicit confidence we repose in any statement made by him; but such errors, when opposed by the express terms of a judgment entered on the minutes of his own court and subsequently signed by himself, and also by his order of appeal, in which he expressly embraced the judgment "on the motion to bond," have passed beyond his power of correction, however much he may regret them.

The question is, not what the judge intended to do, but what he has done, and it must be determined according to the record of his court. Bourg vs. Gerding, 33 Ann. 1369; State ex rel. R. R. vs. Judge, 34 Ann. 1118; State vs. Lazarus, 39 Ann.

The minutes show that he did grant a suspensive appeal, in terms, from the judgment authorizing the defendant to bond, which appeal was perfected by the appellant. This brings it distinctly within the authority of Irwin's case, heretofore quoted.

Of course the effect of the suspensive appeal from the judgment authorizing the bonding of the injunction, left the injunction in force and suspended the right to bond during the pendency of the appeal, and the relator is, therefore, entitled to the relief prayed for.

It is, therefore, ordered that the mandamus herein be made peremptory.