154 So. 2

**SUCCESSION OF ILLG.**

No. 32757.

March 26, 1934.

Harold J. Rayl, of New Orleans, for relator.

Noah Lord, of New Orleans, for Mildred Neil Illg.

O'NIELL, Chief Justice.

This is a proceeding by certiorari to set aside an order of a judge of the civil district court dismissing a suspensive appeal from a judgment which he had rendered, and from which he had granted the appeal, returnable to this court. The complaint is that the case was taken out of the jurisdiction of the civil district court, and was brought into the jurisdiction of this court, by the filing of the appeal bond in compliance with the order of appeal. The respondents contend that the judgment which was appealed from was of that class of judgments from which there is no right to a suspensive appeal; and they cite decisions which they say support the contention. The relator, on the other hand, cites decisions tending to sustain his right to a suspensive appeal. The question, however, as to whether the relator is entitled to the appeal, is the very question which he contends was not within the jurisdiction of the judge who decided it, but was within the jurisdiction of this court, after the appeal bond was filed. The only question before us now is whether the judge who rendered

the judgment appealed from had jurisdiction to determine whether the appeal should be dismissed, after the appellant had filed his appeal bond in compliance with the order of appeal. On that question we are of the opinion that the complaint of the appellant, the relator, is well founded. After an appellant has filed his appeal bond, in compliance with the order of appeal, the judge who granted the appeal has not jurisdiction to consider a motion to dismiss the appeal, except for a cause relating to the validity or sufficiency of the appeal bond, or the solvency of the surety on the bond. A motion to dismiss the appeal for any other cause belongs in the court to which the appeal has been taken. State ex rel. Johnson v. Judge of Fifth District Court, 21 La. Ann. 113; State ex rel. Canal and Claiborne Streets Railroad Co. v. Judge of Civil District Court, 39 La. Ann. 774, 2 So. 390; State v. Cobb, 134 La. 207, 63 So. 877.

The reason for which the judge dismissed the appeal in this case did not have reference to the validity or sufficiency of the appeal bond, or the solvency of the surety on the bond. The judge's idea was to avoid what he deemed to be an injustice, and was, of course, very laudable; but we are compelled to hold that the motion to dismisse the appeal should have been filed in this court.

The order complained of, dismissing the relator's appeal, is set aside, with reservation of the right of the appellees to renew their motion in this court to dismiss the appeal. They are to pay the costs of this proceeding.

ST. PAUL, J., absent.