LeBLANC, Judge.
This appeal is from a suit by an employee for worker’s compensation benefits. Charles Barnes, Jr., plaintiff, named his employer, L.M. Massey, Inc., and Massey’s worker’s compensation insurer as defendants. Massey’s insurer paid Barnes weekly benefits until its insolvency. Barnes then made unsuccessful demand on Massey for payment. Thereafter, Barnes filed an action in the trial court praying for an acceleration of benefits owed by Massey, based on Massey’s refusal to comply with the judgment, and additionally asserting a claim against Cavenham Forest Industries, Inc., asserting it was his statutory employer. Trial on the merits was held on August 22, 1990. Judgment was rendered on February 27, 1991. The trial court found in favor of Barnes and against Massey and Cavenham, found to be Barnes’ statutory employer. An order for appeal was granted by the trial court to Cavenham and to Massey, and Barnes answered. Ca-venham subsequently settled with Barnes and dismissed its appeal.
This court in a published opinion rendered October 16, 1992, amended and affirmed in part, and reversed in part. Barnes v. L.M. Massey, Inc., 612 So.2d 120 (La.App. 1st Cir.1992), writ denied, 614 So.2d 81 (1993).
However, while the appeal was pending in the Court of Appeal, the trial court consolidated pleadings and petitions by Barnes to pierce the corporate veil and obtain discovery in order to execute on the judgment. A hearing was held and the trial court rendered a second judgment on May 6, 1992, which was read and signed on June 3, 1992, which dismissed the original judgment of February 27, 1991, on the grounds that the settlement and payment by Cavenham, a solidary co-defendant, satisfied the entire judgment.
Barnes appeals the second judgment signed on June 3, 1992, dismissing the original judgment of February 27, 1991. He argues the trial court was without jurisdiction, pursuant to La.C.C.P. art. 2088.
La.C.C.P. art. 2088 provides:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspen-sive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1433;
*801 la(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or
(10) Set and tax costs and expert witness fees.
(Emphasis added.)
When a trial court grants an order for an appeal, jurisdiction is divested from the trial court and attaches in the appellate court. La.C.C.P. art. 2088. The trial court retains authority over certain matters unaffected by the appeal, enumerated in art. 2088, but dismissing the appealed judgment is not one of these. See, Halley v. Guerriero, 577 So.2d 781, 783 (La.App. 2nd Cir.1991). Therefore, during the pendency of the appeal, the trial court had no jurisdiction to dismiss the original judgment which it had rendered. The judgment signed June 3,1992, dismissing the original judgment of February 27, 1991, is null and void for lack of jurisdiction. All costs of this appeal are to be paid by Massey.
JUDGMENT VACATED.