MARION F. EDWARDS, Judge.
 

 12Plaintiff/appellant, Geoffrey Hughes (“Hughes”), appeals a judgment of the district court dismissing his lawsuit.
 

 This is Hughes’ second appeal. In October 2006, he filed a Petition for Unpaid Wages, Penalties and Attorney’s Fees against Energy & Marine Underwriters, Inc. (“EMU”), requesting payment of a bonus due.
 
 [1]
 
 In our previous opinion, we considered a judgment of the trial court granting EMU’s Exceptions of No Cause of Action and Unauthorized Use of Summary Proceedings. In granting the exceptions, the trial court gave Hughes fifteen days to amend his petition to assert viable claims and convert his suit to ordinary proceedings. This judgment was granted on May 1, 2007. In lieu of amending his suit, Hughes moved for a devolutive appeal to this Court. On March 11, 2008, we found that the judgment in question was not a final appealable judgment, dismissed the appeal, and remanded the case to the trial court. The Louisiana Supreme Court refused writs on August 29, 2008.
 

 13While writs to the supreme court were pending, on March 18, 2008, EMU filed a Motion to Dismiss, averring that, inasmuch as Hughes had not amended his petition in accordance with the order of the trial court, his suit should be dismissed. The
 
 *744
 
 court granted judgment on June 11, 2008, dismissing Hughes’ case with prejudice.
 

 We note a jurisdictional defect. Under LSA-C.C.P. art 2088, the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches or on the granting of the order of appeal in the case of a devolutive appeal. Thereafter, with certain exceptions, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal but dismissing the case is not one of these. If an application for certiorari to the supreme court is timely filed, a judgment of the court of appeal becomes final and definitive when the supreme court denies the application for certiorari. LSA-C.C. P. art. 2166(E). The judgment on appeal dismissing Hughes’ case was rendered prior to the denial of writs by the Louisiana Supreme Court.
 

 Until the denial of writs, the trial court was without jurisdiction to dismiss Hughes’ suit even though the initial appeal was ultimately found to have been improper for having been taken from a non-appealable interlocutory ruling.
 
 [2]
 
 The judgment is set aside and the case is remanded to the trial court with instructions to allow Hughes fifteen days from the date this opinion becomes final within which to amend his petition.
 

 JUDGMENT SET ASIDE; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . See our previous opinion,
 
 Hughes v. Energy & Marine Underwriters, Inc.
 
 07-490 (La.App. 5 Cir. 3/11/08), 978 So.2d 566,
 
 writ denied,
 
 2008-0957 (La.8/29/08), 989 So.2d 100.
 

 [2]
 

 . Schnatz v. Schnatz,
 
 501 So.2d 318 (La.App. 5 Cir. 1987),
 
 writ denied,
 
 504 So.2d 877 (1987);
 
 Goodwin v. Tilley
 
 2001-1280 (La.App. 3 Cir. 10/31/01), 799 So.2d 768;
 
 Halley
 
 v.
 
 Guerriero,
 
 577 So.2d 781 (La.App. 2 Cir. 1991).
 
 See also, Barnes v. L.M. Massey, Inc.,
 
 93-1080 (La.App. 1 Cir. 5/20/94), 637 So.2d 799,
 
 writ denied,
 
 94-2279 (La. 12/9/94), 647 So.2d 1107.