MAX N. TOBIAS, JR., Judge.
|,We have reviewed the motions to dismiss the present appeal filed by (a) Edward Tuck Colbert and Kenyon & Kenyon and (b) Brennan’s Claims LLC and the two-volume record on appeal in the captioned matter. For the reasons that follow, we dismiss this appeal, finding the trial court had been divested of jurisdiction to enter an order dismissing other appeals once the trial court signed an order in other cases granting an appeal.
We note with particularity the decision of this court in Brennan’s Inc. v. Colbert, 12-0145, unpub. (La.App. 4 Cir. 12/12/12), 2012 WL 6560967, at *1, where we held:
Based upon a review of the record that has been lodged with this Court, we have determined that we cannot review the issues raised by the parties in this appeal, as the appeal record is incomplete and missing material parts of the trial court record. Therefore, we remand the matter to the trial court to order the Clerk of Civil District Court to perfect the record to include the transcripts of all proceedings as well as all documents filed in the trial court in Brennan Inc. v. Edward Tuck Colbert, Kenyon & Kenyon, Leon Rittenberg, Jr., and Baldwin Haspel, L.L.C., F/N/A Baldwin & Haspel, Civil District Court, Orleans Parish, Case # 1205-08471 [sic]; Division “K-5.” Once the record is complete and lodged pin this Court, the Clerk of this Court shall re-docket the appeal. See La. C.C.P arts. 2127 and 2128.
The record presently before us reflects that following our decision (a remand order) of 12 December 2012 in case bearing our docket number 2012-0145, Brennan’s Inc. filed a motion to dismiss appeals with prejudice in the trial court on 7 March 2018. The following day, the trial entered the following order:
IT IS HEREBY ORDERED, ADJUDGED and DECREED that all appeals or rights to appeal currently maintained by Brennan’s, [sic] Inc. with regard to the (1) Judgment in favor of Edward Tuck Colbert and Kenyon & Kenyon dated March 31, 2011 against Brennan’s, [sic] Inc., in the principal amount of $2,124,199.72 plus legal interest until paid, bearing Instrument Number 1049191; (2) the [sic] Judgment in favor of Edward Tuck Colbert and Kenyon & Kenyon dated June 14, 2011 against Brennan’s, [sic] Inc. in the total principal amount of $809,085.78, plus legal interest until paid, bearing Instrument Number 1056022, and; [sic] (8) the [sic] Judgment in favor of Edward Tuck Colbert and Kenyon & Kenyon against Brennan’s, [sic] Inc. dated March 29, 2011, dismissing all legal malpractice claims and any other claims asserted against Edward Tuck Colbert and Kenyon & Kenyon by Brennan’s, Inc. in the captioned matter, be and are hereby DISMISSED with prejudice, never again to be reinstated. [Emphasis in original.]
On 9 May 2013 at 11:27 a.m., Brennan’s Inc. filed a motion to reconsider and vacate the “March 7, 2013” [sic] consent order of dismissal in the trial court; the trial court issued a show cause setting a hearing on the motion for 13 June 2013. On that same day at 11:28 a.m., Brennan’s Inc. filed a motion for devolutive appeal in the trial court of “the March 7, 2013 [sic] order of dismissal.” The trial signed an order on 9 May 2013 that reads in pertinent part as follows:
IT IS ORDERED that the motion is hereby GRANTED and that Brennan’s, *539 [sic] Inc. be and hereby granted a devol-utive appeal from the March 7, 2013 [sic] order of dismissal.
| ¡¡IT IS FURTHER ORDERED that the appeal is returnable to the Fourth Circuit Court of Appeal as provide by law.!! [Emphasis in original.]
On 5 June 2018, Edward Tuck Colbert and Kenyon & Kenyon filed an opposition to the 9 May 2013 Brennan’s Inc. motion to reconsider and vacate the “March 7, 2013” order of dismissal. The record before us reflects no evidence of any hearing actually held on 13 June 2013.
The appeal presently before us was ordered by the trial court on 9 May 2013. We determine this by interpreting the language contained in this court’s decision of 12 December 2012, where this court did not vacate the previous order of appeal or render a decision on the merits of the prior appeal; rather, we merely returned the appeal record to the clerk of the trial court to prepare a complete record. See La. C.C.P. art. 2128.
La. C.C.P. art. 2088 A states:
A. The jurisdiction of the trial court over all matters in the case renewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1433;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the |4appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or
(10) Set and tax costs and expert witness fees.
This codal article, when reviewed in connection with jurisprudential interpretations thereof, establishes that the trial court lacked jurisdiction to dismiss any prior appeal when it signed its 8 March 2013 order quoted above. See James v. Formosa Plastics Corp. of Louisiana, 01-2056, pp. 7-8 (La.4/3/02), 813 So.2d 335, 340; Succession of Illg, 179 La. 291, 154 So. 2 (1934); James v. Fellows, 23 La.Ann. 37, 1871 WL 6794 (1871); Barnes v. L.M. Massey, Inc., 93-1080, p. 3 (La.App. 1 Cir. 5/20/94), 637 So.2d 799, 801 (“When a trial court grants an order for an appeal, jurisdiction is divested from the trial court and attaches in the appellate court. The trial court retains authority over certain matters unaffected by the appeal, enumerated *540 in art. 2088, but dismissing the appealed judgment is not one of these. Therefore, during the pendency of the appeal, the trial court had no jurisdiction to dismiss the original judgment which it had rendered.” [Citations omitted] )[1]
In JCM Construction Co., Inc. v. Orleans Parish School Board, 02-0824, pp. 49-50 (La.App. 4 Cir. 11/17/03), 860 So.2d 610, 639, we considered a similar fact situation:
Mr. Gegg contends that the trial court’s judgment and order of January 8, 2003 granting the School Board’s motion for new trial and vacating the trial court’s judgment of November 9, 2001 is defective and violates LSA-C.Civ.Pro arts. 1951, 2087 and 2123. According to the School Board’s motion for appeal filed by Mr. Riess, the latest date on which the School Board had actual notice of the judgments of November 9 and 29, 2001 was February 8, 2002.
The School Board’s motion for new trial came before the trial court in December, 2002, well after the parties filed their appeals in this Court and nearly a year after the School Board admits that it had actual notice of the rendition of the November, 2001 judgments.
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal, or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction only over those matters not reviewable under the appeal. LSA-C.Civ.Pro. art. 2088. Since none of the exceptions to this provision contained in article 2088 are applicable to the action taken by the trial court in January, 2003, the trial court’s order granting the School Board’s motion for new trial and vacating the judgment of November 9, 2001 is null and void. [Emphasis supplied.]
See also, Hughes v. Energy & Marine Underwriters, Inc., 08-801, p. 3 (La.App. 5 Cir. 2/25/09), 8 So.3d 743, 744 (“We note a jurisdictional defect. Under LSA-C.C.P. art 2088, the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches or on the granting of the order of appeal in the case of a devolutive appeal. Thereafter, with certain exceptions, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal but dismissing the case is not one of these.”)
Finally, in Tealwood Properties, LLC v. Succession of Graves, 47,466, p. 11 (La.App. 2 Cir. 9/20/12), 105 So.3d 120, 127, the court stated: “[a] judgment entered by a trial court after jurisdiction is divested is an absolute nullity.” As an appellate court, we have the “duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue.” Williams v. International Offshore Services, Inc., 11-1240, p. 6 (La.App. 1 Cir. 12/7/12), 106 So.3d 212, 217.
We conclude that the trial court’s order of 8 March 2013, dismissing the appeals of Brennan’s Inc.’s claims against Edward Tuck Colbert and Kenyon & Kenyon, including the three money judgments, is absolutely null and void because the prior appeal, that which was docketed in this court under our docket number 2012- *541 0145, was still pending in this court, having only been returned to the trial court for supplementation of the record for the appeal [2] and upon return to this court to be assigned a new docket number. That the motion of Brennan’s Inc. has attached to it a copy of a notarized document by Brennan’s Inc.’s president to dismiss all appeals is of no moment because it serves only to explain why counsel was filing the 7 March 2013 motion.
Since the order of 8 March 2013 is an absolute nullity, it follows that an order permitting an appeal of that order is likewise null and void because no appeal lies from an absolutely null order.
Accordingly, we conclude that the motions of (a) Edward Tuck Colbert and Kenyon & Kenyon and (b) Brennan’s Claims LLC to dismiss the appeal of l7Brennan’s Inc. of the 8 March 2013 order must be granted. IT IS SO ORDERED.
APPEAL DISMISSED.

. Normally, because no motion for new trial was filed from the 8 March 2013 order, a request for a devolutive appeal had to be filed no later than 14 May 2013; therefore, the 9 May 2013 motion for appeal would be timely if valid.

. As we said, "perfect the record to include the transcripts of all proceedings as well as all documents filed in the trial court.”