THERIOT, J.
1 ¡.Appellant, Brandi Ballard Adams, seeks reversal of an order to dismiss an interim judgment for child support and custody issued by the Twenty-First Judicial District Court. For the following reasons, we reverse, vacate the order, and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
The appellee, Guy Adams, filed a petition of divorce against his wife, Brandi Ballard Adams, on December 15, 1997. They had one daughter together during the marriage, who was a year old at the time the petition was filed. The trial court awarded joint custody while the divorce was pending. A judgment of divorce was signed by the trial court on April 27, 1998, which continued the custody order previously rendered.
On July 31, 1998, Ms. Adams filed a rule to set child support and temporary restraining order. The trial court held a hearing on the matters on December 11, 1998. Prior to completion, the trial court continued the hearing to March 22, 1999. The trial court granted joint custody designating Ms. Adams as the domiciliary parent. The trial court further awarded interim child support to Ms. Adams in the amount of $260.00 per month. The trial court stated the child support was temporary until the hearing could be resumed in March.
The record reveals that the hearing of December 11, 1998, was never resumed. Furthermore, the oral judgment rendered on December 11, 1998, was never reduced to writing. The record also reveals the trial judge recused himself on April 9, 1999. The second trial judge was recused on Ms. Adams’s motion on May 5, 1999. A notice of telephone status conference was signed by the third trial judge and filed into the record on May 20,1999.
| ¡¡Following the filing of the notice of telephone status conference, the record is devoid of any activity until April 23, 2013, when Ms. Adams filed a motion and order to make past due child support executory, a rule for contempt, and a petition to modify custody and child support. On June 4, 2013, Mr. Adams filed an exception raising the objection of no cause of action. The trial court signed a judgment on Ms. Adams’ rules on July 23, 2013. The judgment held that the previous temporary custody and child support arrangements that were orally ordered by the trial court *1068 on December 11, 1998 remained in effect. The judgment further held that the orders are interim orders.
Thereafter, Mr. Adams timely filed a motion for new trial. In a judgment signed August 27, 2013, the trial court denied Mr. Adams’ motion for new trial and continued the hearing on the matters filed by Ms. Adams (based upon her motion of April 28, 2013) to September 16, 2013. The hearing was later continued to October 29, 2013, on Ms. Adams’ motion. No appeal was taken by Mr. Adams of the judgment rendered by the trial court on July 23, 2013.
On October 9, 2013, Mr. Adams submitted an ex parte motion for acknowledgement of abandonment. On October 23, 2013, the trial court signed an order to dismiss the matter, without prejudice, based on abandonment. Ms. Adams filed a motion for appeal on November 18, 2013.
ASSIGNMENT OF ERROR
Ms. Adams’s assignment of error is that the trial court erred in finding that the proceeding of December 11, 1998, was abandoned and also erred in issuing an order that dismissed the matter without prejudice after a final, unappealable judgment awarding an allowance of interim child support had been rendered and signed.
| ¿STANDARD OF REVIEW
Louisiana Code of Civil Procedure article 561 governs abandonment of an action: “An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.” Whether a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. Hutchison v. Seariver Maritime, Inc., 2009-0410 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, 992, writ denied, 2009-2216 (La.12/18/09), 23 So.3d 946. On the other hand, whether a particular act, if proven, precludes abandonment is a question of law that we review by simply determining whether the trial court’s decision was legally correct. Id.
There are no factual disputes in the instant case about whether any “steps” were taken by either party. The record is clear that after the notice of telephone status conference, the case was dormant for approximately fourteen years until Ms. Adams took the next step by filing a motion. Shortly afterward, Mr. Adams filed an exception. Due to the long amount of time between forward steps in this case, it is not necessary to accurately determine when the accrual for abandonment occurred. We, therefore, must consider whether the trial court was legally correct in its dismissal based on abandonment.
DISCUSSION
Ms. Adams’s assignment of error is essentially a two-part question: 1. Was the action abandoned? 2. Was there a final, appealable judgment that precluded abandonment?
Louisiana Code of Civil Procedure article 561 has been construed as imposing three requirements on plaintiffs:
|sFirst, plaintiffs must take some “step” toward the prosecution of their lawsuit. A “step” is the taking of formal action intended to hasten the suit toward judgment, or the taking of a deposition, with or without formal notice. Second, the step must be taken in the proceeding, and, with the exception of formal discovery, the step must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period; sufficient action by either plaintiff or defendant will be deemed a *1069 step. Tessier v. Pratt, 2008-1268 (La.App. 1 Cir. 2/13/09), 7 So.3d 768, 772.
On its face, the instant case does seem to fit Article 561’s definition of abandonment. The case lay dormant from 1998 to 2013. The step taken by Ms. Adams in 2013 clearly falls outside of the legislative prescribed time period established in Article 561. However, the analysis does not end at this point.
Two exceptions to the law of abandonment are recognized by Louisiana jurisprudence. The first exception is based on the concept of contra non valen-tón, and it is applicable in situations where the plaintiff is prevented by circumstances beyond his control from prosecuting the case. Voisin v. International Companies & Consulting, Inc., 2005-0265 (La.App. 1 Cir. 2/10/06), 924 So.2d 277, 280, writ denied, 2006-1019 (La.6/30/06), 933 So.2d 132. The second exception is applicable when the defendant waives the right to assert abandonment by taking actions inconsistent with the intent to treat the case as abandoned. Id. Since the record provides no hint as to why Ms. Adams did not pursue her filed motions for fourteen years, we cannot say if any circumstances existed that prevented her from doing so. The issue, therefore, becomes whether the defendant waived the right to assert abandonment by taking actions inconsistent with the intent to treat the case as abandoned.
|fiThe Louisiana Supreme Court addressed that issue in Chevron Oil Co. v. Traigle, 436 So.2d 530, 533 (La.1983). In that case, the defendant did not file a motion to dismiss based upon abandonment until after he had joined in the filing of a motion for summary judgment and stipulations of fact. The filing was accompanied by memoranda supporting the motion in each party’s favor. The supreme court found that while the defendant had the right to file a motion to have each of the lawsuits declared abandoned for failure to prosecute, the filings of the motions for summary judgment and stipulations of fact constituted submission of the case for decision.
In the instant case, Mr. Adams filed an exception raising the objection of no cause of action on June 4, 2013, clearly outside of the requisite abandonment time frame and clearly prior to his filing of the ex parte motion to dismiss based on abandonment. Such an action illustrates an intent to seek judicial resolution of the dispute on the merits and a willingness or consent to achieve judicial resolution. A peremptory exception of no cause of action, if successful for Mr. Adams, would result in a judgment of dismissal of Ms. Adams’s action. See La. C.C.P. art. 923. Furthermore, Mr. Adams filed a motion for a new trial on July 31, 2013. Such action is further proof evidencing intent to seek judicial resolution of the dispute on the merits and a willingness ■ or consent to achieve judicial resolution.
Mr. Adams’s submission for decision of an abandoned case precludes him from raising the claim of abandonment. By allowing the suit to be submitted for decision, the defendant clearly consents to having the matter resolved upon its merits. See Chevron, 436 So.2d at 534. We find the abandoned action was revived by Mr. Adams’s steps prior to his seeking to 17have the matter dismissed based upon abandonment. Thus, the judgment of dismissal must be reversed and the case remanded.[1]
CONCLUSION
The jurisprudence has uniformly held that La. C.C.P. art. 561 is to be *1070 liberally construed in favor of maintaining a plaintiffs suit.[2] Hutchinson, 22 So.3d at 993. Given that dismissal is the harshest of remedies, the general rule is that any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal of abandonment. Id. Mr. Adams’s filing of an exception of no cause of action and a motion for new trial prior to filing the ex parte motion for dismissal based' on abandonment constitutes submission of the case for decision, thus, precluding Mr. Adams from raising the claim of abandonment.
DECREE
The trial court’s order to dismiss the motions filed by the appellant, Brandi Ballard Adams, on the basis of abandonment is reversed. These matters are remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to the appellee, Guy Adams.
REVERSED AND REMANDED.
J. PETTIGREW, concurs by MT.
DRAKE J., dissents without written reasons.
GUIDRY, J., concurs.

. Having found that Mr. Adams revived the action, we pretermit discussion as to whether there was a final, appealable judgment that precluded abandonment.

. While Ms. Adams is the defendant in the divorce action, she filed the motions regarding child support, custody, and contempt and is considered the plaintiff of those actions.