THERIOT, J.
Guy Adams appeals the "Interim Judgment on Rules" rendered by the Twenty-First Judicial District Court, which granted Brandi Ballard Adams' request for child support on an interim basis. For the following reasons, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY[1]
Guy Adams ("Mr. Adams") filed a petition of divorce against his wife, Brandi Ballard Adams ("Ms. Adams"), on December 15, 1997.[2] They had one daughter during *579 the marriage, who was a year old at the time the petition was filed. The trial court awarded joint custody while the divorce was pending. A judgment of divorce was signed by the trial court on April 27, 1998.
On July 31, 1998, Ms. Adams filed a rule to set child support and temporary restraining order. The trial court held a hearing on the matters on December 11, 1998. The only witnesses to testify at this hearing were Ms. Adams and her cousin, who often babysat the child. After the witness testimony, the trial court continued the case to March 22, 1999. In the interim, with no prejudice to either party, the trial court named Ms. Adams as the domiciliary parent. The trial court also ordered Mr. Adams to pay $ 260.00 per month to Ms. Adams, with the caveat that such payment would be "temporary" until the March 22, 1999 hearing and that they would "start from scratch" when the hearings continued in March. The trial court summarized its ruling by stating, "I guess really all we'd be doing is saying primary domicile and $ 260 a month child support."[3]
The record reveals that the hearing on December 11, 1998 was never resumed. The record also reveals the original trial court judge recused himself on April 9, 1999. A second trial court judge was recused on Ms. Adams' motion in May 1999. A notice of telephone status conference was signed by a third trial court judge and filed into the record on May 20, 1999.
Following the filing of the notice of telephone status conference, the record is devoid of any activity until April 23, 2013, when Ms. Adams filed a motion and order to make past due child support executory, a rule for contempt, and a petition to modify custody and child support. On June 4, 2013, Mr. Adams filed an exception raising the objection of no cause of action. These matters came for hearing on June 24, 2013 and were continued until August 19, 2013.
On July 23, 2013, the trial court signed a "Judgment on Rules" that addressed the rule to set child support and temporary restraining order filed by Ms. Adams on July 31, 1998 and heard on December 11, 1998. The July 23, 2013 judgment reduced to judgment the orders orally rendered in court on December 11, 1998.
On July 31, 2013, Mr. Adams timely filed a motion for new trial. In a judgment signed August 27, 2013, the trial court denied Mr. Adams' motion for new trial and continued the hearing on the matters filed by Ms. Adams (based upon her April 23, 2013 motion) to September 16, 2013. The hearing was later continued to October 29, 2013, on Ms. Adams' motion. No appeal was taken by Mr. Adams of the judgment rendered by the trial court on July 23, 2013, but on June 12, 2014, Mr. Adams sought to have the July 23, 2013 judgment declared null.
On October 9, 2013, Mr. Adams submitted an ex parte motion for acknowledgement of abandonment. On October 23, 2013, the trial court signed an order to dismiss the matter, without prejudice, based on abandonment. Ms. Adams filed a motion for appeal on November 18, 2013.
On March 11, 2015, this court reversed the trial court's order to dismiss the motions filed by Ms. Adams. Adams v. Adams, 2014-0387 (La. App. 1 Cir. 3/11/15), 166 So.3d 1066. This court found that Mr. Adams' June 4, 2013 exception raising the objection of no cause of action, which was filed outside of the requisite *580 abandonment time frame and prior to his filing of the ex parte motion to dismiss based on abandonment, illustrated an intent to seek judicial resolution of the dispute on the merits and a willingness or consent to achieve judicial resolution. Adams, 166 So.3d at 1069. This court further found that Mr. Adams' July 31, 2013 motion for new trial evidenced the same. Id. Accordingly, this court reversed the trial court's order to dismiss and remanded the matter to the trial court for further proceedings. Id. at 1070.
On June 8, 2016, Mr. Adams filed a motion for summary judgment to nullify the improper signing of the July 23, 2013 judgment. On May 22, 2017, a fourth trial court judge signed a judgment granting Mr. Adams' motion for summary judgment to nullify the improper signing of the July 23, 2013 judgment. The May 22, 2017 judgment also found the July 23, 2013 judgment to be an invalid judgment.
On October 26, 2017, a fifth trial court judge signed an "Interim Judgment on Rules," which, like the earlier July 23, 2013 judgment, reduced to writing the oral ruling made by the first trial court judge on December 11, 1998. The "Interim Judgment on Rules" ordered and adjudged that Ms. Adams would be designated as domiciliary parent, Mr. Adams would have visitation with the minor child up to 50% of the time, and that Ms. Adams' request for child support would "be granted on an interim basis, and [Mr. Adams would be] ordered to pay child support to [Ms. Adams] in the full and true sum of ... ($ 260.00) [d]ollars per month effective January 1, 1999[.]" In oral reasons, the trial court stated that, according to the transcripts of the December 11, 1998 hearing, neither party had objected to the order of interim child support. The trial court viewed the lack of objection as tacit acceptance of the order and stated, "[T]he interim child support order of $ 260.00 per month for daycare was valid, despite not being put into writing or signed by the parties." The trial court further stated:
[T]he [interim child support] order was valid and enforceable from December 11, 1998, until the maturity of the child or the arrival of another condition that would have terminated the final support. There was never a termination, there was never anything ultimately filed except to enforce what had been done. So, overall, the child support agreement was stated orally in open court with the mutual consent of the parties, therefore the interim child support agreement was valid and there was no end to it. It was supposed to be to March 22, 1998, but that never happened. Nobody changed it. So, it went on until the child reached maturity, or until some other condition happened. So, for those reasons, the $ 260.00 a month for daycare was valid[.]"
On November 9, 2017, Mr. Adams filed a motion for new trial. On March 16, 2018, the trial court signed a judgment denying Mr. Adams' motion for new trial. This judgment also ordered:
that the involvement of this division of court in this proceeding pursuant to the provisions of [La.] R.S. 13:4209, and the Court of Appeal Opinion rendered in the matter entitled [ Adams v. Adams, 2014-0387 (La. App. 1 Cir. 3/11/15), 166 So.3d 1066 ] has now been fulfilled, accordingly, all future proceedings in the matter shall be conducted before the Judge of Division "J" of this court, pursuant to the reallotment order signed herein on May 7, 2014, and 21st Judicial District Court Rules Appendix 22.0.[4]
On April 3, 2018, following the trial court's denial of his motion for new trial, Mr. Adams filed a devolutive appeal of the October 26, 2017 judgment.
*581 ASSIGNMENTS OF ERROR
Mr. Adams assigns the following as error.
1. The successor trial judge on June 9, 2017, exceeded its authority under La. R.S. 13:4209 in signing a written judgment that did not conform to the explicit ruling and judgment of its predecessor rendered in open court on December 11, 1998, and thereby committed legal error and an abuse of discretion.
2. The successor trial judge committed legal error and an abuse of discretion by exceeding its authority under La. R.S. 13:4209 in accepting into the record on June 9, 2017 new evidence not available to its predecessor on December 11, 1998, thereby reforming the ruling of the predecessor judge to the detriment of the Appellant.
DISCUSSION
Jurisdiction
As a preliminary matter, we must determine whether this court has jurisdiction over Mr. Adams' appeal. Mr. Adams argues that, despite the judgment being titled "Interim Judgment on Rules," the judgment is final because it includes a determination of monetary liability. Mr. Adams urges that the circumstances of this particular case necessitate treating the "Interim Judgment on Rules" as a final judgment. Alternatively, Mr. Adams asks this court to exercise its discretion to convert the appeal into an application for supervisory writs. Ms. Adams contends that this court does not have appellate jurisdiction, alleging that the "Interim Judgment on Rules" is an interlocutory judgment and is thus not appealable under La. Code Civ. P. art. 2083.
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. La. Code Civ. P. art. 1841. It may be interlocutory or final. Id. A judgment that determines the merits in whole or in part is a final judgment. Id. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. Id. An interlocutory judgment is appealable only when expressly provided by law. La. Code Civ. P. art. 2083.
A valid judgment must be "precise, definite and certain." Laird v. St. Tammany Parish Safe Harbor , 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Carter v. Williamson Eye Center, 2001-2016 (La. App. 1 Cir. 11/27/02), 837 So.2d 43, 44. The specific nature and amount of damages should be determinable from a judgment without reference to an extrinsic source such as pleadings or reasons for judgment.
*582 Vanderbrook v. Coachmen Industries, Inc., 2001-0809 (La. App. 1 Cir. 5/10/02), 818 So.2d 906, 913. In other words, a third person should be able to determine from a judgment the amount owed without reference to other documents. Vanderbrook, 818 So.2d at 913-14.
The "Interim Judgment on Rules" orders that the request for child support by Ms. Adams be granted on an interim basis, and orders Mr. Adams to pay child support to Ms. Adams in the amount of $ 260.00 per month, effective January 1, 1999. The "Interim Judgment on Rules" is not a final judgment. See Frankowski v. Frankowski , 2016-1313 (La. App. 4 Cir. 2/22/17), 214 So.3d 35, 37. Because this is an interim rather than a final judgment, we find that the "Interim Judgment on Rules" is not an appealable judgment.
We also decline to convert the appeal into an application for supervisory writs.[5] See Stelluto v. Stelluto, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39 ("the decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts"). In Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981), the Louisiana Supreme Court directed appellate courts to consider an application for supervisory writs under their supervisory jurisdiction, even though relief may be ultimately available to the applicant on appeal, when the trial court judgment was arguably incorrect, a reversal would terminate the litigation (in whole or in part), and there was no dispute of fact to be resolved. Best Fishing, Inc. v. Rancatore, 1996-2254 (La. App. 1 Cir. 12/29/97), 706 So.2d 161, 166-67. We find that the aforementioned criteria are not met and thus, we decline to exercise our supervisory jurisdiction. See Best Fishing, Inc., 706 So.2d at 167.
CONCLUSION
For the above and foregoing reasons, the appeal in the instant matter is dismissed. All costs of this appeal are assessed to the appellant, Guy Adams.
APPEAL DISMISSED.

The following facts are taken in part from a prior appeal - Adams v. Adams, 2014-0387 (La. App. 1 Cir. 3/11/15), 166 So.3d 1066.

Brandi Ballard Adams is now known as Brandi Baker. She will hereto be referred to as Ms. Adams.

The trial court awarded Ms. Adams $ 260.00 per month because that was the monthly cost of the daycare used by Mr. Adams on days he had custody but had to work. At this hearing, the parties agreed that if Mr. Adams had custody but had to work, he would bring the child to Ms. Adams.

Regarding the Twenty-First Judicial District Court, Appendix 22.0 of Title IV of the Rules for Louisiana District Courts states:
There shall be a Family Docket in the Twenty-First Judicial District. Divisions G and H are designated as Family Court divisions through December 31, 2014, and thereafter, Divisions J and K are designated as the Family Court divisions.
On May 7, 2014, the trial court issued a Family Order of Reallotment, which re-allotted this case, stating:
This matter was previously allotted to Division "D" of this Court, and involves issues properly triable by the Family Court divisions which have not been resolved prior to December 31, 2013. Therefore, the presiding judge determines that this case should be randomly allotted to one of the Family Court divisions of this Court, in accordance with the En Banc Order of May 22, 2013.
Accordingly, the matter was re-allotted to Division "J" of the Twenty-First Judicial District Court.

We further decline to convert the appeal to an application for supervisory writs as the motion for appeal was filed beyond the thirty-day period applicable to supervisory writs as set forth in Rule 4-3 of the Uniform Rules of the Courts of Appeal. Mr. Adams filed this appeal of the October 26, 2017 judgment on April 3, 2018.
The "Interim Judgment on Rules" is an interlocutory judgment. There is no procedure by which a party may apply for a new trial following the denial of an interlocutory judgment. Llopis v. State, 2016-0041 (La. App. 4 Cir. 12/14/16), 206 So.3d 1066, 1069. Mr. Adams' motion for new trial did not operate to suspend the time delay for a supervisory writ. Llopis, 206 So.3d at 1070.