STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

CHH

NUMBER 2020 CA 1313

GUY ADAMS

VERSUS

BRANDI BALLARD ADAMS

**Judgment Rendered:   JUL 2 6 2021**

* * * * * *

On appeal from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Docket Number 81,159

Honorable Jeffrey C. Cashe, Judge Presiding

* * * * * *

Mary E. Heck Barrios
Denham Springs, LA

Counsel for Defendant/Appellant
Brandi Ballard Adams


Todd C. Comeaux
Baton Rouge, LA

Counsel for Plaintiff/Appellee
Guy Adams


* * * * * *

BEFORE: GUIDRY, THERIOT, AND HESTER, JJ.

Theriot, J. Dissents
I would exercise our supervisory jurisdiction
and reach the merits.

**GUIDRY, J.**

Brandi Ballard Adams appeals an amended judgment granting Guy Adams' exception of prescription. For the reasons that follow, we vacate the judgment.

**FACTS AND PROCEDURAL HISTORY**

This matter arises from a lengthy child support dispute between Brandi Ballard Adams and Guys Adams.[1] The Adamses had one child together during their marriage, born on April 5, 1996.[2] The Adamses divorced on April 27, 1998.

On July 31, 1998, Ms. Adams filed, in pertinent part, a rule to set child support. The trial court held a hearing on the rule on December 11, 1998. At the hearing, the trial court awarded interim child support to Ms. Adams in the amount of $260.00 per month.[3] The trial court then continued the hearing to March 22, 1999, and stated that the child support was temporary until the hearing could be resumed. The hearing, however, never resumed, and the oral ruling was not then reduced to writing.

Thereafter, following a lengthy procedural history, a fifth trial court judge signed an Interim Judgment on Rules on October 26, 2017. The October 26, 2017 judgment reduced to writing the December 11, 1998 oral ruling made by the first trial court judge. The Interim Judgment on Rules ordered that Ms. Adams would be designated as the domiciliary parent, that Mr. Adams would have visitation with the minor child up to 50% of the time, and that Ms. Adams' request for child

---

[1] For a full rendition of the facts and procedural history, see the prior appeals - <u>Adams v. Adams</u>, 14-0387 (La. App. 1st Cir. 3/1/15), 166 So. 3d 1066 and <u>Adams v. Adams</u>, 18-1153 (La. App. 1st Cir. 2/22/19), 272 So. 3d 577.

[2] The child reached the age of majority on April 5, 2014.

[3] The trial court also granted joint custody designating Ms. Adams as the domiciliary parent.

2

support would be granted on an interim basis with Mr. Adams ordered to pay child support in the sum of $260.00 per month effective January 1, 1999.[4]

On May 21, 2019, referring to the October 2017 judgment, Ms. Adams filed a motion and order to make past due child support executory, and a rule for contempt. In response, Mr. Adams, on July 15, 2019, filed an exception of prescription. A hearing on the exception was held on July 31, 2019. A judgment was signed on September 23, 2019, granting Mr. Adams' exception.

On November 8, 2019, Ms. Adams appealed from the September 23, 2019 judgment; Ms. Adams' appeal was dismissed by this court on August 3, 2020.[5] An amended judgment was signed by the trial court on July 2, 2020. Ms. Adams now appeals the July 2, 2020 amended judgment, asserting that the trial court erred in granting Mr. Adams' exception of prescription and dismissing her claims.

## DISCUSSION

Jurisdiction of the trial court over all matters reviewable under an appeal is divested, and that of the appellate court attaches, on the granting of the order for an appeal. La. C.C.P. art. 2088(A). An appellate court not only has an independent duty to consider whether it has subject matter jurisdiction over the matter, but also has the sole authority to determine whether an appeal is properly before it once the trial court's jurisdiction has been divested. Hernandez v. Excel Contractors, Inc., 18-1091, p. 9 (La. App. 1st Cir. 3/13/19), 275 So. 3d 278, 284.

Any order or judgment rendered subsequent to the order granting an appeal is null if that order or judgment purports to address a matter, which is at the time reviewable under the appeal. Hernandez, 18-1091 at p. 6, 275 So. 3d at 283. Although the trial court may correct any misstatements, irregularities or

___

[4] On February 22, 2019, this court dismissed Mr. Adams' appeal from the October 26, 2017 judgment, finding that the judgment was not final and appealable. See Adams, 272 So. 3d at 582.

[5] This court dismissed Ms. Adams' appeal from the September 23, 2019 judgment on August 3, 2020, finding that the judgment lacked the necessary decretal language.

3

informalities, or omission of the trial record, there is no authority for a trial court to correct a judgment after it is divested of jurisdiction. La. C.C.P. art. 2132; Costanza v. Snap-On Tools, 13-0332 (La. App. 1st Cir. 3/5/14), 2014WL886021, *4. Thus, even when an appellate court ultimately determines that it lacks appellate jurisdiction, jurisdiction over the issues and the parties is divested from the trial court upon the signing of the order of appeal. See Hernandez, 18-1091 at p. 9, 275 So. 3d at 284.

In this matter, Ms. Adams appeals a second judgment signed by the trial court while a prior judgment was on appeal to this court. The prior judgment from September 23, 2019, reads, in pertinent part: "**IT IS ORDERED, AJUDGED AND DECREED** that the Plaintiff's Exception is **GRANTED**." Likewise, the subject of the appeal presently before this court is the plaintiff's exception of prescription.

As expressed herein, the trial court has jurisdiction in a case over those matters not reviewable under the appeal. However, at the time the second judgment was rendered, the issue addressed therein was a matter reviewable on appeal, notwithstanding the fact that this court ultimately dismissed the appeal.

While we appreciate the problems involved in this procedurally lengthy case, we nonetheless find that the trial court was divested of jurisdiction when it rendered a second judgment on July 2, 2020. The July 2, 2020 judgment is therefore null and void for lack of jurisdiction. See Union Planters Bank, N.A. v. City of Gonzales, 05-1898, p. 7 (La. App. 1st Cir. 2/10/06), 923 So. 2d 790, 793, writ denied, 06-0991 (La. 6/16/06), 929 So. 2d 1292; Barnes v. L.M. Massey, Inc., 637 So. 2d 799, 801 (La. App. 1st Cir. 5/20/94), writ denied, 94-2279 (La. 12/9/94), 647 So. 2d 1107.

4

**CONCLUSION**

For the above and foregoing reasons, the July 2, 2020 judgment of the trial court is vacated. The assessment of the costs in this matter is deferred until a final determination on the merits.

**JUDGMENT VACATED.**